1   Phillip J. Eskenazi (State Bar No. 158976)
    peskenazi@hunton.com
2   Emily Burkhardt Vicente (State Bar No. 263990)
    ebvicente@hunton.com
3   Kirk A. Hornbeck (State Bar No. 241708)
    khornbeck@hunton.com
4   **HUNTON & WILLIAMS LLP**
    550 South Hope Street, Suite 2000
5   Los Angeles, California 90071-2627
    Telephone: (213) 532-2000
6   Facsimile: (213) 532-2020

7   Attorneys for Defendant
    LOWE'S HIW, INC.

8

9

10                      **UNITED STATES DISTRICT COURT**

11       **NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

12   RONALD SHEPHARD and HENRY          Case No.:  12   3893
     ROMINES, on behalf of themselves and
13   all others similarly situated;
                                         **NOTICE OF REMOVAL OF ACTION**
14              Plaintiffs,              **PURSUANT TO 28 U.S.C. § 1441(b)**

15        vs.

16

17   LOWE'S HIW, INC., and DOES 1
     through 50,
18
                Defendants.
19

20

21

22

23

24

25

26

27

28

ORIGINAL FILED
JUL 25 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Lowe's HIW, Inc. ("Lowe's") hereby removes the state court action described below to this Court. In support thereof, Lowe's states as follows:

1.     On June 15, 2012, Plaintiffs Ronald Shephard and Henry Romines ("Plaintiffs") filed a putative class action that is currently pending in the Superior Court of the State of California, County of San Francisco, as Case No. CGC-12-521641 (the "State Action"). On June 20, 2012, Plaintiffs filed a First Amended Complaint ("FAC") naming Lowe's as a defendant instead of Lowe's Home Centers, Inc. On June 26, 2012, by agreement of the parties, Lowe's counsel accepted service of Plaintiffs' FAC on Lowe's HIW, Inc.'s behalf.[1] Lowe's filed its Answer to the Complaint on July 23, 2012. Upon information and belief, there have been no other proceedings in the State Action.

2.     As explained below, the State Action is one that may be removed to this Court because Lowe's has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction pursuant to 28 U.S.C § 1331 (federal question jurisdiction).

## I.

## LOWE'S HAS SATISFIED THE
## PROCEDURAL REQUIREMENTS FOR REMOVAL

3.     Plaintiffs served Lowe's with the FAC on June 26, 2012. Thus, Lowe's Notice of Removal is timely because it is filed within 30 days of the date of service. *See* 28 U.S.C. § 1446(b).

---

[1] Plaintiffs' original Complaint was never served upon Lowe's.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

4.      Venue lies in the United States District Court for the Northern District of California because the State Action was filed by Plaintiffs and is now pending in this judicial district. *See* 28 U.S.C. § 1446(a) (mandating venue for removal actions).

5.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Lowe's, which papers include the Summons and FAC, are attached hereto as Exhibit A.

6.      Pursuant to 28 U.S.C. § 1332(d), a copy of this Notice of Removal is being served upon Plaintiffs' counsel and a copy is being filed with the Clerk of the Superior Court for the State of California, County of San Francisco.

## II.

## **REMOVAL IS PROPER BECAUSE THIS**

## **COURT HAS SUBJECT MATTER JURISDICTION**

7.      Plaintiffs allege, *inter alia*, that Lowe's improperly classified them as independent contractors rather than employees and, as a result, improperly deprived them of the benefits that are offered to "all Lowe's employees." FAC ¶ 4.  Those alleged benefits include: "Comprehensive Health Insurance," "a Prescription Drug Benefit," "a Dental Plan," "Vision Care," "Basic Term Life Insurance, Supplemental Term Life Insurance, Dependent Term Life Insurance, Personal Accident Insurance and Business Travel Accident Insurance," as well as "a Stock Purchase Plan and a 401(k) savings plan," among other benefits such as "employer paid Federal Insurance Compensation Act ('FICA')" contributions.  FAC ¶¶ 21, 33-37.

8.      The alleged retirement, health, and welfare benefits upon which Plaintiffs base their FAC constitute qualified employee pension and/or welfare benefit plans and, therefore, are governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA").  *See, e.g., Amos v. Blue Cross-Blue Shield of Ala.*, 868 F.2d 430, 431-2 (11th Cir. 1989) (discussing ERISA's scope in the context of preemption and removal).  Pursuant to ERISA, federal jurisdiction lies where a recipient of an "employee welfare benefit plan" seeks to "clarify his rights to

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(b)

1 future benefits under the terms of the plan." 29 U.S.C. §§ 1002(1), 1132(a)(1)(B) &

2 (e)(1).

3     9.    The United States Supreme Court has recognized that Congress gave

4 ERISA the broadest possible preemptive power under federal law and that such

5 preemption completely displaces the application of state law. *See Metro. Life Ins. Co.*

6 *v. Taylor*, 481 U.S. 58, 66-67 (1987) (discussing ERISA preemption in the context of

7 removal); *see also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45-46 (1987) ("the

8 express pre-emption provisions of ERISA are deliberately expansive, and designed to

9 establish pension plan regulation as exclusively a federal concern") (internal quotation

10 marks omitted). Accordingly, where, as here, the doctrine of complete preemption

11 applies, state law claims falling within its scope are "necessarily federal in character."

12 *See Metro.*, 481 U.S. at 67. This means that ERISA's preemptive effect is to convert

13 state law claims for benefits into claims "arising under federal law for purposes of

14 federal question jurisdiction," making the instant action properly removable to federal

15 district court. *See, e.g., Clark v. Dale Prop. Serv.*, 2012 WL 851608 at *3 (W.D. Pa.

16 March 13, 2012) (denying motion to remand where defendant removed action under

17 ERISA preemption principles in circumstances where allegedly misclassified

18 independent contractors brought claims exclusively under state law to seek the value

19 of benefits provided to employees).

20     10.    Here, Plaintiffs bring state law claims based on the contention that

21 Lowe's misclassified them and the putative class members as independent contractors

22 rather than employees. *See, e.g.,* FAC ¶ 4. Accordingly, ERISA's preemptive reach

23 transforms Plaintiffs' state law claims into "claims arising under federal law for

24 purposes of federal question jurisdiction." *Clark*, 2012 WL 851608 at *3. Thus,

25 original subject matter jurisdiction is vested with this Court pursuant to 28 U.S.C.

26 § 1331 and 29 U.S.C. § 1132, rendering removal of the instant matter proper.

27 / / /

28 / / /

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

3

1    **WHEREFORE**, Lowe's hereby removes this State Action from the Superior

2    Court of the State of California, County of San Francisco, to this Court, pursuant to 28

3    U.S.C. § 1441(b).

4

5    DATED:  July 25, 2012                          HUNTON & WILLIAMS LLP

6

7                                                   By

8                                                   PHILLIP J. ESKENAZI
                                                    Attorneys for Defendant
9                                                   LOWE'S HIW, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

4

# EXHIBIT A

# EXHIBIT A

1   MARK C. MOLUMPHY (#168009)
    mmolumphy@cpmlegal.com
2   MATTHEW K. EDLING (#250940)
    medling@cpmlegal.com
3   BRYAN M. PAYNE (#272971)
    bpayne@cpmlegal.com
4   HESTER H. CHENG (#273578)
    hcheng@cpmlegal.com
5   **COTCHETT, PITRE & McCARTHY, LLP**
6   840 Malcolm Road, Suite 200
    Burlingame, CA 94010
7   Telephone: (650) 697-6000
    Fax: (650) 697-0577
8
    JEFFREY C. BLOCK
9   jblock@blockesq.com
    JASON M. LEVITON
10  jason@blockesq.com
    SCOTT A. MAYS
11  scott@blockesq.com
    **BLOCK & LEVITON LLP**
12  155 Federal Street, Suite 1303
    Boston, Massachusetts 02110
13  Telephone:  (617) 398-5600
    Fax:  (617) 507-6020
14
15  *Attorneys for Plaintiffs Ronald Shephard and Henry Romines*
    *Individually and on Behalf of All Others*
16  *Similarly Situated*

**F I L E D**

Superior Court of California
County of San Francisco

JUN 1 5 2012

CLERK OF THE COURT
BY: _____
Deputy Clerk

**SUMMONS ISSUED**

17          **IN THE SUPERIOR COURT OF CALIFORNIA**

18          **IN AND FOR THE COUNTY OF SAN FRANCISCO**

19                                    C G C - 1 2 - 5 2 1 6 4 1

20  RONALD SHEPHARD and HENRY          CASE NO.
    ROMINES, on behalf of themselves and all
21  others similarly situated;             **CLASS ACTION COMPLAINT**

22          Plaintiffs,                   **JURY TRIAL DEMANDED**
            vs.
23
    LOWE'S HOME CENTERS, INC., and DOES
24  1 through 50.

25          Defendants.

26

27

28

⊗
LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

**Class Action Complaint**

Exh __A__ Page __5__

# TABLE OF CONTENTS

PAGE

I. INTRODUCTION ........................................................................................................ 1

II. THE PARTIES ......................................................................................................... 2

III. JURISDICTION AND VENUE ................................................................................ 3

IV. COMMON FACTUAL ALLEGATIONS ................................................................. 4

    A.    Lowe's Controls All Aspects of Installer Work ............................................... 4

    B.    Plaintiffs are Employees of Lowe's ................................................................... 6

    C.    Benefits Offered By Lowe's To Employees But Not Offered To Plaintiffs Or The

        Class ................................................................................................................ 8

V. CLASS ACTION ALLEGATIONS ........................................................................... 9

COUNT I ......................................................................................................................... 11

COUNT II ....................................................................................................................... 12

COUNT III ...................................................................................................................... 12

PRAYER FOR RELIEF .................................................................................................. 14

REQUEST FOR A JURY TRIAL ................................................................................... 15

LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

Class Action Complaint

i

Exh. A Page 6

Plaintiffs, Ronald Shephard ("Shephard") and Henry Romines ("Romines") (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, allege as follows:

## I.

## INTRODUCTION

1. Plaintiffs bring this lawsuit as a class action pursuant to California Code of Civil Procedure ("CCP") § 382 on behalf of themselves and all others similarly situated who suffered damages as a result of the wrongful conduct and unlawful labor practices committed by Defendant Lowe's Home Centers Inc. ("Lowe's" or the "Company") in violation of the California Labor Code and the regulations and orders implementing the Code, as more specifically alleged herein, which also constitute acts of unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*. ("UCL").

2. Plaintiffs and all others similarly situated were misclassified by Lowe's as "independent contractors" but were, in fact, employees of Lowe's in accordance with the California Labor Code § 2750.5 and § 2802.

3. Lowe's is one of the nation's leading home improvement stores and operates approximately 98 stores in California, including in this county. Lowe's offers its customers the opportunity to hire contractors, through Lowe's, to install products and services purchased from the Company. Plaintiffs were such installers hired by Lowe's. Specifically, Plaintiffs performed installations of garage doors for the Lowe's store in Victorville, California.

4. Lowe's treated Plaintiffs, and all others who were hired as installers, as independent contractors. Lowe's did not provide benefits to the installers that are offered to all Lowe's employees; failed to pay installers overtime wages; and required Plaintiff, and all other installers, to pay self-employment tax on all income earned from Lowe's.

5. Plaintiffs, and all other members of the class, were, in fact, employees of Lowe's and were misclassified by Lowe's as independent contractors in accordance with the laws of California. Lowe's had the right to control, and in fact did control, all aspects of all installation jobs by Shephard and Romines, and all other class members, including, but not limited to: designating the customers whom Plaintiffs would perform installations for; requiring

1    the customer to pay Lowe's directly for all work performed by Plaintiffs and then Lowe's would

2    pay Plaintiffs; requiring Plaintiffs and any employee working with Plaintiffs to wear Lowe's

3    shirts and hats and hold themselves out as employees of Lowe's; specifically instructing

4    Plaintiffs and their workers to inform customers that they were employees of Lowe's; directing

5    the work that Plaintiffs performed for customers; directing what Plaintiffs could or could not do

6    as installers; overseeing all work performed by Plaintiffs; and prohibiting Plaintiffs from

7    working for anyone aside from Lowe's.

8        6.      Lowe's controlled each installer in a manner similar to its practices with regard

9    to Shephard and Romines.  Because the class' claims arise from practices that are common to all

10   class members, this case is particularly well suited for class action treatment.

11       7.      Plaintiffs seek to represent a class defined as follows:

12
         All persons who installed products for Lowe's or performed services for
13       Lowe's in the State of California and who were treated as independent
         contractors by Lowe's but over whom Lowe's exercised control and
14       direction in the performance of their installation services.

15                                     II.

16                             **THE PARTIES**

17       8.      Plaintiff Shephard is an individual that performed installation of garage doors

18   for Lowe's from 1995 through November 2009.  Shephard is licensed to work in the State of

19   California and is also a California resident.

20       9.      Plaintiff Romines is an individual that performed installation of garage doors for

21   Lowe's from 1995 through November 2009.  Shephard is licensed to work in the State of

22   California and is also a California resident.

23       10.     Defendant Lowe's is a North Carolina corporation with its principal place of

24   business in Wilkesboro, North Carolina. Lowe's is a wholly owned subsidiary of Lowe's

25   Companies, Inc.  Lowe's Companies, Inc. purports to be the nation's second largest home

26   improvement store and conducts its business throughout California and the United States.

27       11.     Defendants Does 1-50 are fictitious names for individuals or entities that may

28   be responsible for the wrongful conduct and labor practices that caused harm to the Plaintiffs and

LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

**Class Action Complaint**                                                          2

Exh __A__ Page __8__

the other class members, the true names and capacities of which are unknown to Plaintiffs, but Plaintiffs will amend this Complaint when and if the true names of said Defendants become known to them.

12.     Plaintiffs, upon information and belief, allege that during the Class Period, Defendants were each the agent of the other Defendants, and in performing the acts alleged in this Complaint were acting within the course and scope of that agency and any reference to "Defendant" or "Defendants" shall mean "Defendants and each of them." Defendants are individually, jointly and severally liable as the employers of the Plaintiffs and each class member because each Defendant directly or indirectly, or through an agent or any other person, employed or exercised control over Plaintiffs and the other class members.

13.     All allegations in this complaint except as to the facts relating to Plaintiffs Shephard and Romines that are based upon their knowledge, are based upon information and belief, or are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. Whenever allegations in this complaint are contrary or inconsistent, such allegations shall be deemed alternative.

## III.

### JURISDICTION AND VENUE

14.     This Court has jurisdiction over this action pursuant to California Code of Civil Procedure ("CCP") §§ 71 and 382 by virtue of the fact that the complained-of acts and practices giving rise to this action took place, in whole or in part, in the State of California; the employment related activities by Plaintiffs (and, likewise, every member of the proposed class), are located in California.   The amount in controversy exceeds the minimum jurisdictional amount of unlimited civil cases.   Further, this action is based on violations of the California Labor Code and applicable regulations, and the California Business and Professions Code, and jurisdiction to seek damages and injunctive relief exists, without limitation pursuant to California Labor Code § 2802 and pursuant to California Business and Professions Code §§ 17202 and 17203.

15.     Venue is proper in the Superior Court for the County of San Francisco pursuant to CCP § 395 because Defendant Lowe's is a North Carolina corporation with its principal place

1   of business in Wilkesboro, North Carolina.  The harm alleged occurred within California and

2   Lowes transacts business within and throughout California.

3                                             **IV.**

4                          **COMMON FACTUAL ALLEGATIONS**

5       **A.**    **Lowe's Controls All Aspects of Installer Work**

6           16.       On its web site, located at www.Lowe's.com, Lowe's advertises its installation

7   services.  The front page of the installation page of the web site provides "Let Us Do The

8   Installation For You."  The site continues "You don't have to look all over town to find the right

9   people to do your installation for you.  Lowe's already has them.  Our trained installers let you

10  relax during your project and long after it's done."  Clicking on the link to "Installation Team"

11  brings up a page that says: "All installation services are guaranteed by Lowe's warranty.

12  Professional installation available through independent contractors, licensed and registered

13  where applicable."

14          17.       Lowe's offers installations for several departments including appliances,

15  kitchens, bath & plumbing, flooring, doors & windows, including garage doors, window

16  treatments, lighting, home environment, outdoors, and insulation & exterior.

17          18.       Plaintiffs were two of the "independent" contractors who worked for Lowe's

18  providing garage door installations.

19          19.       Plaintiffs began installing garage doors for Lowe's in or about 1994 and

20  continued to install garage doors for them until November 2009.  Lowe's informed Plaintiffs that

21  they would be independent contractors and were treated as such.

22          20.       Lowe's provided Plaintiffs with Form 1099s for all income Plaintiffs received

23  from Lowe's.  Plaintiffs did not receive any of the multitude of benefits Lowe's offered to all of

24  its other employees.  Plaintiffs paid all of their self-employment taxes on the income they

25  received from Lowe's.

26          21.       Plaintiffs were not independent contractors but, in fact, were employees of

27  Lowe's in accordance with California law.  Plaintiffs did not receive any of the benefits that are

28  customarily offered to all Lowe's employees, they did not receive any over-time for work of

LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

**Class Action Complaint**                                                                          4

Exh. A    Page 10

more than 40 hours per week and they paid their own self-employment taxes, including all employer paid Federal Insurance Contributions Act ("FICA") taxes.

22.    Plaintiffs attended periodic training sessions held by Lowe's and were instructed to carry and represent themselves as employees of Lowe's. Lowe's had strict guidelines, that Plaintiffs followed, pursuant to which they always had to identify themselves as either "installers for Lowe's" or that "I work for Lowe's." Among other things, like all installers, Plaintiffs were required to always to wear Lowe's shirts and hats at all work sites and that signs stating: "Lowe's Installation," were to be prominently displayed. Installers who did not wear the hat, shirt, or display the Lowe's sign were subject to termination by Lowe's. The customer paid Lowe's and Lowe's in turn paid Plaintiffs.

23.    Plaintiffs were restricted from performing any work for a Lowe's customer unless the work was undertaken through, and approved by, Lowe's.

24.    Further, the Lowe's Production Office managed each installation project and each installation project was required to comply with Lowe's production requirements. Lowe's scheduled all installation appointments and directed Plaintiffs as to which customers of Lowe's they were to install product for and when they were supposed to install the product. Plaintiffs were directed by the Lowe's Production Office how much time they had to complete a job and Lowe's would follow-up with customers to determine their satisfaction with the work performed by Plaintiffs and other installers.

25.    Plaintiffs commenced working for Lowe's in or about 1994. Once the installation job commenced, Plaintiffs were required to wear a Lowe's shirt and hat and were required to put a sign in front of the house that read "Installation by Lowe's." Plaintiffs were also required to use only Lowe's materials for all installations unless Lowe's did not sell a particular product.

26.    Customers paid Lowe's directly for the installation services and never paid Plaintiffs. Lowe's then paid Plaintiffs for installation services. Lowe's maintained a schedule for how much an installer would be paid for the particular service performed.

27.     Lowe's also prohibited Plaintiffs or any installer, from working for anyone besides Lowe's.  For example, Lowe's installers were prohibited from working for The Home Depot.

28.     All Lowe's installers were required to follow the same rules as applied to Plaintiffs.

**B.     Plaintiffs are Employees of Lowe's**

29.     California Labor Code §2750.5 provides:

There is a rebuttable presumption affecting the burden of proof that a worker performing services for which a license is required pursuant to Chapter 9 (commencing with Section 7000) of Division 3 of the Business and Professions Code, or who is performing such services for a person who is required to obtain such a license is an employee rather than an independent contractor.  Proof of independent contractor status includes satisfactory proof of these factors:

(a)     That the individual has the right to control and discretion as to the manner of performance of the contract for which services in that the result of the work and not the means by which it is accomplished is the primary factor bargained for.

(b)     That the individual is customarily engaged in an independently established business.

(c)     That the individual's independent contractor status is bona fide and not a subterfuge to avoid employment status.   A bona fide independent contractor status is further evidenced by the presence of cumulative factors such a substantial investment other than personal services in the business, holding out to be a business for oneself, bargaining for a contract to complete a specific project for compensation by project rather than by time, control over the time and place the work in performed, supplying the tools or instrumentalities used in the work other than the tools and instrumentalities normally and customarily provided by employees, hiring

Exh A   Page 12

employees, performing work that is not ordinarily in the course of the principles work, performing work that requires a particular skill, holding a license pursuant to the Business and Professions Code, the intent of the parties that the work relationship is of an independent contractor status, or that the relationship is not severable or terminable at will by the principal but gives rise to an action for breach of contract.

30. The determination of whether Plaintiffs and the class are employees versus independent contractors for purposes of §17200 of the Business and Professions code and § 2802 of the California Labor code turns on the common law definition of employee as set forth in *S. G. Borello & Sons, Inc. v. Department of Industrial Relations* (1989) 48 Cal.3d 341, 350-351 256 Cal. Rptr. 543, 769 P.2d 399. Pursuant to the common law test, the most important factor is whether the principal, Lowe's, has the right to control the manner and means by which the workers, Shephard and Romines, accomplishes the work.

31. Lowe's had the power to exercise complete control over Plaintiffs' work installing garage doors. If the installations were not in accordance with Lowe's standards, or how Lowe's wanted them done, Lowe's had the power and ability to terminate Plaintiffs. Lowe's employees would visit installation cites to determine whether, among other things, Plaintiffs were wearing their Lowe's hat and shirt, had prominently displayed the Lowe's installation sign, and whether the installation was proceeding as planned. Lowe's would contact customers to determine their satisfaction with the work performed and if the work was unsatisfactory, Lowe's had the power to fire the installer. Lowe's controlled where Plaintiffs and the installers worked and Lowe's had unfettered discretion to assign installation work to Plaintiffs and other installers. Plaintiffs worked for Lowe's for almost 14 years. Plaintiffs and other installers were paid by the job they performed at a flat rate set by Lowe's. Customers would pay Lowe's and Lowe's would pay Plaintiffs and the other installers. Installations are part of the regular course of business of Lowe's. Plaintiffs believed there was a master servant relationship and believed they were employees of Lowe's as Lowe's always had the right to terminate the working relationship with them.

LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

**Class Action Complaint**

7

Exh A Page 13

32.     Accordingly, Plaintiffs and all other installers are employees of Lowe's.

**C.     Benefits Offered By Lowe's To Employees But Not Offered To Plaintiffs Or The Class**

33.     According to its website, Lowe's offers employees an array of benefits that are available to employees "after 89 days of continuous employment". Lowe's offers employees "Comprehensive Health Insurance" from which an employee can pick the "Co-pay 500" or "Co-pay 750" option. Employees are also offered a Prescription Drug Benefit with $500 or $750 co-pays; a Dental Plan; and Vision Care. Plaintiffs were never offered or provided any of these benefits.

34.     According to its website, Lowe's also offers employees Basic Term Life Insurance, Supplemental Term Life Insurance, Dependent Term Life Insurance, Personal Accident Insurance and Business Travel Accident Insurance. Basic Life Insurance provides for coverage of one times base annual pay; Supplemental Term Life Insurance provides for one to eight times base annual pay; Dependent Term Life Insurance provides for the payment of expenses related to the death of a dependent; and Personal Accident Insurance offers protection against accident or death on the job for up to $1 million. Business Travel Insurance, which commences on the first day of employment, provides a life insurance benefit should death occur as a result of an accident while traveling on company business.

35.     Lowe's provides employees with Basic Sick Pay, Short Term Disability Insurance and Long Term Disability Insurance. Basic Sick Pay provides for the accrual of sick days at a rate of six days, or 48 hours, per year. Unused sick days may be carried forward with no limit on days accumulated. Short Term Disability Insurance provides for short-term income protection for absences due to non-work related illness or injury. Long Term Disability provides for disability income protection in the event of severe, lasting illness or injuries.

36.     Lowe's provides employees with a Stock Purchase Plan and a 401(k) savings plan. The Stock Purchase Plan allows employees to purchase Lowe's common stock at a discounted price and employees may pay for the shares on an after-tax basis through payroll deductions. The Lowe's 401(k) plan automatically enrolls all employees at 1% of eligible

1 compensation unless another level of participation is chosen. Lowe's matches 100% of the first
2 3% of employee contributions, it matches 50% of 4-5% of employee contributions and it
3 matches 25% of 6% of employee contributions.

4      37.     Lowe's also provides employees Dependent Care, Paid Holidays and Vacation,
5 Health and Wellness benefits and Financial support in the form of Tuition Reimbursement,
6 Discounted On-Line University benefits, voluntary benefits such as auto insurance, long-term
7 care and pre-paid legal. Finally, Lowe's offers employees a Critical Illness Plan to help cover
8 out-of-pocket expenses related to eligible illnesses and diseases; Flexible Spending Accounts;
9 and Employee Discounts.

10      38.     Neither Plaintiffs nor any member of the class were ever offered or received any
11 of the benefits described above.

12                           **V.**

13               **CLASS ACTION ALLEGATIONS**

14      39.     The Plaintiffs bring this action on behalf of themselves, and the other class
15 members pursuant to CCP § 382.

16      40.     The class consists of:

17     All persons who installed products for Lowe's or performed services for Lowe's
18     in the State of California and who were treated as independent contractors by
    Lowe's but over whom Lowe's exercised control and discretion in the result of
19     the work performed.

20      41.     Plaintiffs are informed and believe that there are hundreds, if not over a
21 thousand members of the class, thus the numbers are so numerous that joinder is impractical.

22      42.     Plaintiffs' claims are typical of the claims of the class. Plaintiffs are members
23 of the class they seeks to represent. Members of the class are ascertainable from Plaintiffs'
24 description of the class and/or Lowe's records and the class is sufficiently numerous.

25      43.     Plaintiffs will fairly and adequately represent the members of the class and have
26 no interests that are antagonistic to the claims of the class. Plaintiffs' interests in this action are
27 antagonistic to the interests of Defendants, and they will vigorously pursue the claims of the
28 class. Plaintiffs are members of the class, are similarly situated to the other members of the class

LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

**Class Action Complaint**
         9

Exh A Page 15

1   and are adequate representatives of the class.

2       44.     The representative Plaintiffs have retained competent and experienced class

3   action litigation counsel, who has successfully represented classes in other complex class actions.

4       45.     Common questions of law and fact impact the rights of each member of the

5   class and a common remedy by way of permissible damages and/or injunctive relief is sought for

6   the class.

7       46.     There are numerous and substantial questions of law and fact common to all

8   members of the class which will predominate over any individual issues. These common

9   questions of law and fact include, without limitation:

10      a.  Whether Plaintiffs and the class are properly classified as independent contractors

11          by Lowe's or whether they are, in fact, employees of Lowe's;

12      b.  Whether Lowe's violated § 2750.5 of the California Labor Code;

13      c.  Whether Lowe's violated § 2802 of the California Labor Code;

14      d.  Whether Lowe's violated § 17200 of the California Business and Professions

15          Code;

16      e.  Whether Lowe's misrepresented to Plaintiffs and the class that they were

17          independent contractors when they were, in fact, employees of Lowe's;

18      f.  Whether Lowe's improperly failed to provide Plaintiffs and the class with benefits

19          offered to all Lowe's employees;

20      g.  Whether Lowe's improperly failed to pay Plaintiffs' and the class's taxes

21          including withholding and FICA taxes; and

22      h.  Whether Lowe's failed to pay Plaintiffs and the class overtime wages when they

23          worked more than 40 hours per week.

24      47.     Plaintiffs and class members have suffered damages as a result of Defendants'

25  wrongful conduct.  Because the size of the claims of the individual class members are relatively

26  small, few, if any, class members could afford to seek legal redress for the wrongs complained of

27  herein.  A class action is, therefore, superior to other available methods for the fair and efficient

28

**Class Action Complaint**

Exh A   Page 16

1 adjudication of this controversy.  Trial of Plaintiffs' and the class members' claims is easily

2 manageable.

3      48.     The persons in the class are so numerous that dispositions of their claims in this

4 case and as part of a single class action lawsuit, rather than numerous individual lawsuits, will

5 benefit the parties and greatly reduce the aggregate judicial resources that would be spent.

6      49.     Plaintiffs know of no difficulty that will be encountered in the management of

7 this litigation, which would preclude its maintenance as a class action.

8      50.     Lowe's has acted on grounds generally applicable to the entire class, thereby

9 making final injunctive relief or corresponding declaratory relief appropriate with respect to the

10 class as a whole.  Prosecution of separate actions by individual members of the class would

11 create the risk of inconsistent or varying adjudications with respect to individual members of the

12 class that would establish incompatible standards of conduct for the Defendants.

13      51.     Without a class action, Defendants will likely retain the benefit of their

14 wrongdoing and will continue a course of action, which will result in further damages to

15 Plaintiffs and the class.

16 **COUNT I**

17 **(Violation of § 2750.5 of the California Labor Code)**

18      52.     Plaintiffs re-allege and incorporate by reference the allegations contained in the

19 preceding paragraphs of this complaint, as though fully set forth herein.

20      53.     Plaintiffs are employees of Lowe's.  Plaintiffs did not have the right to control

21 or the discretion to control the result of the work they performed for Lowe's.  Lowe's had the

22 power to control and direct when and where the Plaintiffs performed work for Lowe's and the

23 results of the work performed.  Lowe's had the same power to control and discretion to control,

24 the work of all installers who performed services for Lowe's.  Lowe's would dispatch its own

25 employees to oversee and/or review the work performed by Plaintiffs to insure that the result of

26 the work met with Lowe's approval.

27      54.     The work performed by Plaintiffs was directed by Lowe's.  Lowe's dictated

28 when and where the work was to be performed.  Lowe's received payments from the customers

⊛
LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

**Class Action Complaint**

11

Exh A  Page 17

1   and, after extracting a profit for itself, paid the Plaintiffs pursuant to a pre-set fixed fee schedule.

2   Plaintiffs had no power or right to bargain for a different price than the one set by Lowe's.

3       55.     The work performed by Plaintiffs is within the ordinary course of business of

4   Lowe's and Lowe's supplied the materials necessary for the Plaintiffs to accomplish its work.

5       56.     As a result, Plaintiffs and each member of the class are employees of Lowe's

6   pursuant to § 2750.5 of the California Labor Code.

7                        **COUNT II**

8           **(Violation of § 2802 of the California Labor Code)**

9       57.     Plaintiffs re-allege and incorporate by reference the allegations contained in the

10  preceding paragraphs of this complaint, as though fully set forth herein.

11      58.     Section 2802 of the California Labor Code provides that "[a]n employer shall

12  indemnify his or her employee for all necessary expenditures or losses incurred by the employee

13  in direct consequence of the discharge of his or her duties ... ." Lowe's failed to indemnify

14  Plaintiffs and each member of the class the necessary expenditures to discharge their duties

15  including the cost of maintenance, cleaning, depreciation, fuel, oil, tires, repairs, taxes, licenses,

16  tolls and insurance for the vehicles they used to travel to each work site to perform the

17  installation. Lowe's also failed to provide for the expenditures regarding workers' compensation

18  insurance, failed to provide overtime wages; and required Plaintiff, and all other installers, to pay

19  self-employment tax on all income earned from Lowe's

20      59.     As a result, Lowe's violated § 2802 of the California Labor Code.

21                       **COUNT III**

22      **(Unfair Competition in Violation of Cal. Bus. & Prof. Code 17200, et seq.)**

23      60.     Plaintiffs re-allege and incorporate by reference the allegations contained in the

24  preceding paragraphs of this complaint, as though fully set forth herein.

25      61.     Defendants have engaged in a pattern and practice of acts of unfair competition

26  in violation of the UCL, including the practices alleged herein.

27

28

LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

**Class Action Complaint**                                          12

Exh A     Page 18

62.     Cal. Bus. & Prof. Code § 17200 provides:

> As used in this chapter, unfair competition shall mean and include any unlawful or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with section 17500) of Part 3 of Division 7 of the Business and Professions Code.

63.     Cal. Bus. & Prof. Code § 17204 provides that an action for violation of California's Unfair Competition Law may be brought by persons who have suffered injury in fact and have lost money or property as a result of such unfair competition and Cal. Bus. & Prof. Code § 17203 provides that a court may grant injunctive and equitable relief to such persons.

64.     The unlawful conduct of the Defendants alleged in this First and Second Counts, are acts of unfair competition under Business & Professions Code §§ 17200, *et seq.*, for which Defendants are liable for damages and for which this Court should issue equitable and injunctive relief, pursuant to Cal. Bus. & Prof. Code § 17203.

65.     By its conduct, Defendants have engaged in unfair business practices in California by employing and utilizing the employment practices complained of herein. Defendants' use of such unfair business practices constitutes unfair competition that provides Defendants with an unfair advantage over Defendants' competitors.

66.     Defendants' practices as described herein are unlawful, unfair and fraudulent.

67.     Defendants' conduct as alleged herein is "unlawful" in that it violates the California Labor Code, as described in this Complaint. Among other things, as herein alleged, Defendants violate California law by misclassifying Plaintiffs and others as independent contractors but who were, in fact, employees of Lowe's in accordance with the California Labor Code.

68.     Defendants' conduct as alleged herein is also "unfair" because, among other things, it seeks to nullify the policies underlying the California Labor Code, including the indemnification of Plaintiffs and each member of the class relating to the necessary expenditures to discharge their duties including the cost of maintenance, cleaning, depreciation, fuel, oil, tires, repairs, taxes, licenses, tolls and insurance for the vehicles they used to travel to each work site

1  to perform the installation.   Lowe's also failed to provide for the expenditures regarding

2  workers' compensation insurance.

3        69.     Defendants' scheme, as alleged herein, is also "fraudulent," in that it is

4  knowingly calculated and likely to mislead.  Defendants consistently administered a corporate

5  policy of misclassification of individuals and entities, including all class members, as independent

6  contractors who were in fact employees. This corporate policy and pattern of conduct was

7  accomplished with the advance knowledge and designed intent by Defendant to save millions of

8  dollars and causing damage to all class members.

9        70.     Unless enjoined, Defendant will continue to misclassify Plaintiffs and others as

10  independent contractors but who were, in fact, employees of Lowe's in accordance with the

11  California Labor Code.

12        71.     Plaintiffs have suffered injuries in fact and has lost money as a result of

13  Defendants' conduct as more specifically alleged above.

14  **PRAYER FOR RELIEF**

15  WHEREFORE, Plaintiffs pray for judgment against Lowe's as follows:

16

17      1.     Certification of the proposed class and notice thereto to be paid by Lowes;

18      2.     For damages, and all other appropriate legal and equitable relief;

19      3.     For reasonable attorneys' fees and costs;

20      4.     For appropriate injunctive and declaratory relief;

21      5.     For costs of suit herein; and

22      6.     For such further relief as this Court may deem just and proper.

23

24

25

26

27

28

1

## REQUEST FOR A JURY TRIAL

2    Plaintiffs hereby demand a trial by jury on all counts so triable.

3

4

5    Dated: June 15, 2012                    Respectfully submitted,

6                                            COTCHETT, PITRE & McCARTHY, LLP

7

8                                            MARK C. MOLUMPHY (#168009)
9                                            mmolumphy@cpmlegal.com
                                             MATTHEW K. EDLING (#250940)
10                                           medling@cpmlegal.com
                                             BRYAN M. PAYNE (#272971)
11                                           bpayne@cpmlegal.com
                                             HESTER H. CHENG (#273578)
12                                           hcheng@cpmlegal.com
                                             840 Malcolm Road, Suite 200
13                                           Burlingame, CA 94010
                                             Telephone: (650) 697-6000
14                                           Facsimile: (650) 697-0577

15                                           BLOCK & LEVITON LLP
16                                           Jeffrey C. Block
                                             Jeff@blockesq.com
17                                           Jason M. Leviton
                                             Jason@blockesq.com
18                                           Scott A. Mays
                                             scot@blockesq.com
19                                           155 Federal Street
                                             Boston, MA 02110
20                                           Telephone: (617) 398-5600
                                             Facsimile: (617) 507-6020

21                                           *Attorneys for Plaintiffs Ronald Shephard and Henry*
22                                           *Romines Individually and on Behalf of All Others*
                                             *Similarly Situated*

23

24

25

26

27

28

LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

Class Action Complaint                                                          15

Exh A    Page 21

## SUMMONS TO AMENDED COMPLAINT
### (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** Lowe's HIW, Inc., and DOES 1
*(AVISO AL DEMANDADO):* through 50

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**YOU ARE BEING SUED BY PLAINTIFF:** Ronald Shephard and
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* Henry Romines, on
behalf of themselves and all others similarly
situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

**CASE NUMBER:** *(Número del Caso):* CGC-12-521641

Superior Court of California, County of San Francisco
400 McAllister Street

San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Matthew K. Edling (168009)                          (650) 697-6000  (650) 697-0577
Cotchett, Pitre & McCarthy, LLP
840 Malcolm Road
Burlingame, CA 94010

DATE: **JUN 20 2012**                Clerk, by  **WESLEY RAMIREZ** , Deputy
*(Fecha)*          **CLERK OF THE COURT**   *(Secretario)*                        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**
**TO AMENDED COMPLAINT**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

Exh A   Page 22

1   MARK C. MOLUMPHY (#168009)
mmolumphy@cpmlegal.com
2   MATTHEW K. EDLING (#250940)
medling@cpmlegal.com
3   BRYAN M. PAYNE (#272971)
bpayne@cpmlegal.com
4   HESTER H. CHENG (#273578)
hcheng@cpmlegal.com
5   **COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
6   Burlingame, CA 94010
Telephone: (650) 697-6000
7   Fax: (650) 697-0577

8   JEFFREY C. BLOCK
jblock@blockesq.com
9   JASON M. LEVITON
jason@blockesq.com
10   SCOTT A. MAYS
scott@blockesq.com
11   **BLOCK & LEVITON LLP**
155 Federal Street, Suite 1303
12   Boston, Massachusetts 02110
Telephone:  (617) 398-5600
13   Fax:  (617) 507-6020

14

15   *Attorneys for Plaintiffs Ronald Shephard and Henry Romines*
*Individually and on Behalf of All Others*
16   *Similarly Situated*

ENDORSED
FILED
Superior Court of California
County of San Francisco

JUN 20 2012

CLERK OF THE COURT
BY:   WESLEY RAMIREZ
Deputy Clerk

17   **IN THE SUPERIOR COURT OF CALIFORNIA**

18   **IN AND FOR THE COUNTY OF SAN FRANCISCO**

19

20   RONALD SHEPHARD and HENRY
ROMINES, on behalf of themselves and all
21   others similarly situated;

22          Plaintiffs,
        vs.
23

24   LOWE'S HIW, INC., and DOES 1 through 50.

25          Defendants.

26

27

28

CASE NO.: CGC-12-521641

**AMENDED CLASS ACTION
COMPLAINT**

**JURY TRIAL DEMANDED**

LAW OFFICES
COTCHETT, PITRE
& McCARTHY,
LLP

Amended Class Action Complaint

Exh A   Page 23

## TABLE OF CONTENTS

**PAGE**

I. INTRODUCTION .................................................................................................... 1

II. THE PARTIES ...................................................................................................... 2

III. JURISDICTION AND VENUE ............................................................................. 3

IV. COMMON FACTUAL ALLEGATIONS ................................................................ 4

   A.    Lowe's Controls All Aspects of Installer Work ............................................. 4

   B.    Plaintiffs are Employees of Lowe's ............................................................. 6

   C.    Benefits Offered By Lowe's To Employees But Not Offered To Plaintiffs Or The
        Class ....................................................................................................... 8

V. CLASS ACTION ALLEGATIONS ........................................................................ 9

COUNT I ................................................................................................................ 11

COUNT II .............................................................................................................. 12

COUNT III ............................................................................................................. 12

PRAYER FOR RELIEF ......................................................................................... 14

REQUEST FOR A JURY TRIAL .......................................................................... 15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

⊛
LAW OFFICES
COTCHETT, PITRE
& McCARTHY,
LLP

Amended Class Action Complaint                                          i

Exh. A  Page 24

Plaintiffs, Ronald Shephard ("Shephard") and Henry Romines ("Romines") (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, allege as follows:

# I.

## INTRODUCTION

1.      Plaintiffs bring this lawsuit as a class action pursuant to California Code of Civil Procedure ("CCP") § 382 on behalf of themselves and all others similarly situated who suffered damages as a result of the wrongful conduct and unlawful labor practices committed by Defendant Lowe's HIW, Inc. ("Lowe's" or the "Company") in violation of the California Labor Code and the regulations and orders implementing the Code, as more specifically alleged herein, which also constitute acts of unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL").

2.      Plaintiffs and all others similarly situated were misclassified by Lowe's as "independent contractors" but were, in fact, employees of Lowe's in accordance with the California Labor Code § 2750.5 and § 2802.

3.      Lowe's is one of the nation's leading home improvement stores and operates approximately 98 stores in California, including in this county.  Lowe's offers its customers the opportunity to hire contractors, through Lowe's, to install products and services purchased from the Company.  Plaintiffs were such installers hired by Lowe's.  Specifically, Plaintiffs performed installations of garage doors for the Lowe's store in Victorville, California.

4.      Lowe's treated Plaintiffs, and all others who were hired as installers, as independent contractors.  Lowe's did not provide benefits to the installers that are offered to all Lowe's employees; failed to pay installers overtime wages; and required Plaintiff, and all other installers, to pay self-employment tax on all income earned from Lowe's.

5.      Plaintiffs, and all other members of the class, were, in fact, employees of Lowe's and were misclassified by Lowe's as independent contractors in accordance with the laws of California.  Lowe's had the right to control, and in fact did control, all aspects of all installation jobs by Shephard and Romines, and all other class members, including, but not limited to: designating the customers whom Plaintiffs would perform installations for; requiring

Exh A  Page 25

1   the customer to pay Lowe's directly for all work performed by Plaintiffs and then Lowe's would

2   pay Plaintiffs; requiring Plaintiffs and any employee working with Plaintiffs to wear Lowe's

3   shirts and hats and hold themselves out as employees of Lowe's; specifically instructing

4   Plaintiffs and their workers to inform customers that they were employees of Lowe's; directing

5   the work that Plaintiffs performed for customers; directing what Plaintiffs could or could not do

6   as installers; overseeing all work performed by Plaintiffs; and prohibiting Plaintiffs from

7   working for anyone aside from Lowe's.

8        6.      Lowe's controlled each installer in a manner similar to its practices with regard

9   to Shephard and Romines.  Because the class' claims arise from practices that are common to all

10  class members, this case is particularly well suited for class action treatment.

11       7.      Plaintiffs seek to represent a class defined as follows:

12
13          All persons who installed products for Lowe's or performed services for
             Lowe's in the State of California and who were treated as independent
             contractors by Lowe's but over whom Lowe's exercised control and
14           direction in the performance of their installation services.

15                                      **II.**

16                               <u>**THE PARTIES**</u>

17       8.      Plaintiff Shephard is an individual that performed installation of garage doors

18  for Lowe's from 1995 through November 2009.  Shephard is licensed to work in the State of

19  California and is also a California resident.

20       9.      Plaintiff Romines is an individual that performed installation of garage doors for

21  Lowe's from 1995 through November 2009.  Shephard is licensed to work in the State of

22  California and is also a California resident.

23       10.     Defendant Lowe's is a Washington corporation with its principal place of

24  business in Mount Mourne, North Carolina. Lowe's is a wholly owned subsidiary of Lowe's

25  Companies, Inc.  Lowe's Companies, Inc. purports to be the nation's second largest home

26  improvement store and conducts its business throughout California and the United States.

27       11.     Defendants Does 1-50 are fictitious names for individuals or entities that may

28  be responsible for the wrongful conduct and labor practices that caused harm to the Plaintiffs and

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY,
LLP

Amended Class Action Complaint                                                            2

1  the other class members, the true names and capacities of which are unknown to Plaintiffs, but

2  Plaintiffs will amend this Complaint when and if the true names of said Defendants become

3  known to them.

4        12.     Plaintiffs, upon information and belief, allege that during the Class Period,

5  Defendants were each the agent of the other Defendants, and in performing the acts alleged in

6  this Complaint were acting within the course and scope of that agency and any reference to

7  "Defendant" or "Defendants" shall mean "Defendants and each of them." Defendants are

8  individually, jointly and severally liable as the employers of the Plaintiffs and each class member

9  because each Defendant directly or indirectly, or through an agent or any other person, employed

10  or exercised control over Plaintiffs and the other class members.

11        13.     All allegations in this complaint except as to the facts relating to Plaintiffs

12  Shephard and Romines that are based upon their knowledge, are based upon information and

13  belief, or are likely to have evidentiary support after a reasonable opportunity for further

14  investigation or discovery. Whenever allegations in this complaint are contrary or inconsistent,

15  such allegations shall be deemed alternative.

16                                      **III.**

17                      **<u>JURISDICTION AND VENUE</u>**

18        14.     This Court has jurisdiction over this action pursuant to California Code of Civil

19  Procedure ("CCP") §§ 71 and 382 by virtue of the fact that the complained-of acts and practices

20  giving rise to this action took place, in whole or in part, in the State of California; the

21  employment related activities by Plaintiffs (and, likewise, every member of the proposed class),

22  are located in California. The amount in controversy exceeds the minimum jurisdictional

23  amount of unlimited civil cases. Further, this action is based on violations of the California

24  Labor Code and applicable regulations, and the California Business and Professions Code, and

25  jurisdiction to seek damages and injunctive relief exists, without limitation pursuant to California

26  Labor Code § 2802 and pursuant to California Business and Professions Code §§ 17202 and 17203.

27        15.     Venue is proper in the Superior Court for the County of San Francisco pursuant

28  to CCP § 395 because Defendant Lowe's is a North Carolina corporation with its principal place

LAW OFFICES
COTCHETT, PITRE
& McCARTHY,
LLP

Amended Class Action Complaint                                     3

1   of business in Wilkesboro, North Carolina.  The harm alleged occurred within California and

2   Lowes transacts business within and throughout California.

### IV.

### COMMON FACTUAL ALLEGATIONS

**A.**    **Lowe's Controls All Aspects of Installer Work**

6   16.    On its web site, located at www.Lowe's.com, Lowe's advertises its installation

7   services.  The front page of the installation page of the web site provides "Let Us Do The

8   Installation For You."  The site continues "You don't have to look all over town to find the right

9   people to do your installation for you.  Lowe's already has them.  Our trained installers let you

10  relax during your project and long after it's done."  Clicking on the link to "Installation Team"

11  brings up a page that says: "All installation services are guaranteed by Lowe's warranty.

12  Professional installation available through independent contractors, licensed and registered

13  where applicable."

14  17.    Lowe's offers installations for several departments including appliances,

15  kitchens, bath & plumbing, flooring, doors & windows, including garage doors, window

16  treatments, lighting, home environment, outdoors, and insulation & exterior.

17  18.    Plaintiffs were two of the "independent" contractors who worked for Lowe's

18  providing garage door installations.

19  19.    Plaintiffs began installing garage doors for Lowe's in or about 1994 and

20  continued to install garage doors for them until November 2009.  Lowe's informed Plaintiffs that

21  they would be independent contractors and were treated as such.

22  20.    Lowe's provided Plaintiffs with Form 1099s for all income Plaintiffs received

23  from Lowe's.  Plaintiffs did not receive any of the multitude of benefits Lowe's offered to all of

24  its other employees.  Plaintiffs paid all of their self-employment taxes on the income they

25  received from Lowe's.

26  21.    Plaintiffs were not independent contractors but, in fact, were employees of

27  Lowe's in accordance with California law.  Plaintiffs did not receive any of the benefits that are

28  customarily offered to all Lowe's employees, they did not receive any over-time for work of

⊕
LAW OFFICES
COTCHETT, PITRE
& McCARTHY,
LLP

Amended Class Action Complaint                                                    4

Exh A    Page 28

1    more than 40 hours per week and they paid their own self-employment taxes, including all

2    employer paid Federal Insurance Contributions Act ("FICA") taxes.

3             22.      Plaintiffs attended periodic training sessions held by Lowe's and were

4    instructed to carry and represent themselves as employees of Lowe's. Lowe's had strict

5    guidelines, that Plaintiffs followed, pursuant to which they always had to identify themselves as

6    either "installers for Lowe's" or that "I work for Lowe's." Among other things, like all

7    installers, Plaintiffs were required to always to wear Lowe's shirts and hats at all work sites and

8    that signs stating: "Lowe's Installation," were to be prominently displayed. Installers who did

9    not wear the hat, shirt, or display the Lowe's sign were subject to termination by Lowe's. The

10    customer paid Lowe's and Lowe's in turn paid Plaintiffs.

11             23.      Plaintiffs were restricted from performing any work for a Lowe's customer

12    unless the work was undertaken through, and approved by, Lowe's.

13             24.      Further, the Lowe's Production Office managed each installation project and

14    each installation project was required to comply with Lowe's production requirements. Lowe's

15    scheduled all installation appointments and directed Plaintiffs as to which customers of Lowe's

16    they were to install product for and when they were supposed to install the product. Plaintiffs

17    were directed by the Lowe's Production Office how much time they had to complete a job and

18    Lowe's would follow-up with customers to determine their satisfaction with the work performed

19    by Plaintiffs and other installers.

20             25.      Plaintiffs commenced working for Lowe's in or about 1994. Once the

21    installation job commenced, Plaintiffs were required to wear a Lowe's shirt and hat and were

22    required to put a sign in front of the house that read "Installation by Lowe's." Plaintiffs were

23    also required to use only Lowe's materials for all installations unless Lowe's did not sell a

24    particular product.

25             26.      Customers paid Lowe's directly for the installation services and never paid

26    Plaintiffs. Lowe's then paid Plaintiffs for installation services. Lowe's maintained a schedule

27    for how much an installer would be paid for the particular service performed.

28

LAW OFFICES
COTCHETT, PITRE
& McCARTHY,
LLP

**Amended Class Action Complaint**                                                5

27.     Lowe's also prohibited Plaintiffs or any installer, from working for anyone besides Lowe's.  For example, Lowe's installers were prohibited from working for The Home Depot.

28.     All Lowe's installers were required to follow the same rules as applied to Plaintiffs.

**B.     <u>Plaintiffs are Employees of Lowe's</u>**

29.     California Labor Code §2750.5 provides:

> There is a rebuttable presumption affecting the burden of proof that a worker performing services for which a license is required pursuant to Chapter 9 (commencing with Section 7000) of Division 3 of the Business and Professions Code, or who is performing such services for a person who is required to obtain such a license is an employee rather than an independent contractor.  Proof of independent contractor status includes satisfactory proof of these factors:
>
> (a)     That the individual has the right to control and discretion as to the manner of performance of the contract for which services in that the result of the work and not the means by which it is accomplished is the primary factor bargained for.
>
> (b)     That the individual is customarily engaged in an independently established business.
>
> (c)     That the individual's independent contractor status is bona fide and not a subterfuge to avoid employment status.   A bona fide independent contractor status is further evidenced by the presence of cumulative factors such a substantial investment other than personal services in the business, holding out to be a business for oneself, bargaining for a contract to complete a specific project for compensation by project rather than by time, control over the time and place the work in performed, supplying the tools or instrumentalities used in the work other than the tools and instrumentalities normally and customarily provided by employees, hiring

LAW OFFICES
COTCHETT, PITRE
& McCARTHY,
LLP

Amended Class Action Complaint                                                               6

Exh. A    Page 30

1       employees, performing work that is not ordinarily in the course of the

2       principles work, performing work that requires a particular skill, holding a

3       license pursuant to the Business and Professions Code, the intent of the

4       parties that the work relationship is of an independent contractor status, or

5       that the relationship is not severable or terminable at will by the principal

6       but gives rise to an action for breach of contract.

7         30.    The determination of whether Plaintiffs and the class are employees versus

8   independent contractors for purposes of §17200 of the Business and Professions code and § 2802

9   of the California Labor code turns on the common law definition of employee as set forth in *S.*

10  *G. Borello & Sons, Inc. v. Department of Industrial Relations* (1989) 48 Cal.3d 341, 350-351

11  256 Cal. Rptr. 543, 769 P.2d 399. Pursuant to the common law test, the most important factor is

12  whether the principal, Lowe's, has the right to control the manner and means by which the

13  workers, Shephard and Romines, accomplishes the work.

14        31.    Lowe's had the power to exercise complete control over Plaintiffs' work

15  installing garage doors. If the installations were not in accordance with Lowe's standards, or

16  how Lowe's wanted them done, Lowe's had the power and ability to terminate Plaintiffs.

17  Lowe's employees would visit installation cites to determine whether, among other things,

18  Plaintiffs were wearing their Lowe's hat and shirt, had prominently displayed the Lowe's

19  installation sign, and whether the installation was proceeding as planned. Lowe's would contact

20  customers to determine their satisfaction with the work performed and if the work was

21  unsatisfactory, Lowe's had the power to fire the installer. Lowe's controlled where Plaintiffs and

22  the installers worked and Lowe's had unfettered discretion to assign installation work to

23  Plaintiffs and other installers. Plaintiffs worked for Lowe's for almost 14 years. Plaintiffs and

24  other installers were paid by the job they performed at a flat rate set by Lowe's. Customers

25  would pay Lowe's and Lowe's would pay Plaintiffs and the other installers. Installations are part

26  of the regular course of business of Lowe's. Plaintiffs believed there was a master servant

27  relationship and believed they were employees of Lowe's as Lowe's always had the right to

28  terminate the working relationship with them.

Exh. A   Page 31

32.     Accordingly, Plaintiffs and all other installers are employees of Lowe's.

C.     __Benefits Offered By Lowe's To Employees But Not Offered To Plaintiffs Or The Class__

33.     According to its website, Lowe's offers employees an array of benefits that are available to employees "after 89 days of continuous employment". Lowe's offers employees "Comprehensive Health Insurance" from which an employee can pick the "Co-pay 500" or "Co-pay 750" option. Employees are also offered a Prescription Drug Benefit with $500 or $750 co-pays; a Dental Plan; and Vision Care. Plaintiffs were never offered or provided any of these benefits.

34.     According to its website, Lowe's also offers employees Basic Term Life Insurance, Supplemental Term Life Insurance, Dependent Term Life Insurance, Personal Accident Insurance and Business Travel Accident Insurance. Basic Life Insurance provides for coverage of one times base annual pay; Supplemental Term Life Insurance provides for one to eight times base annual pay; Dependent Term Life Insurance provides for the payment of expenses related to the death of a dependent; and Personal Accident Insurance offers protection against accident or death on the job for up to $1 million. Business Travel Insurance, which commences on the first day of employment, provides a life insurance benefit should death occur as a result of an accident while traveling on company business.

35.     Lowe's provides employees with Basic Sick Pay, Short Term Disability Insurance and Long Term Disability Insurance. Basic Sick Pay provides for the accrual of sick days at a rate of six days, or 48 hours, per year. Unused sick days may be carried forward with no limit on days accumulated. Short Term Disability Insurance provides for short-term income protection for absences due to non-work related illness or injury. Long Term Disability provides for disability income protection in the event of severe, lasting illness or injuries.

36.     Lowe's provides employees with a Stock Purchase Plan and a 401(k) savings plan. The Stock Purchase Plan allows employees to purchase Lowe's common stock at a discounted price and employees may pay for the shares on an after-tax basis through payroll deductions. The Lowe's 401(k) plan automatically enrolls all employees at 1% of eligible

Amended Class Action Complaint                                                          8

ExhA    Page 32

1  compensation unless another level of participation is chosen.  Lowe's matches 100% of the first

2  3% of employee contributions, it matches 50% of 4-5% of employee contributions and it

3  matches 25% of 6% of employee contributions.

4      37.    Lowe's also provides employees Dependent Care, Paid Holidays and Vacation,

5  Health and Wellness benefits and Financial support in the form of Tuition Reimbursement,

6  Discounted On-Line University benefits, voluntary benefits such as auto insurance, long-term

7  care and pre-paid legal.  Finally, Lowe's offers employees a Critical Illness Plan to help cover

8  out-of-pocket expenses related to eligible illnesses and diseases; Flexible Spending Accounts;

9  and Employee Discounts.

10      38.    Neither Plaintiffs nor any member of the class were ever offered or received any

11  of the benefits described above.

12  **V.**

13  **CLASS ACTION ALLEGATIONS**

14      39.    The Plaintiffs bring this action on behalf of themselves, and the other class

15  members pursuant to CCP § 382.

16      40.    The class consists of:

17  
18  All persons who installed products for Lowe's or performed services for Lowe's in the State of California and who were treated as independent contractors by Lowe's but over whom Lowe's exercised control and discretion in the result of

19  the work performed.

20      41.    Plaintiffs are informed and believe that there are hundreds, if not over a

21  thousand members of the class, thus the numbers are so numerous that joinder is impractical.

22      42.    Plaintiffs' claims are typical of the claims of the class.  Plaintiffs are members

23  of the class they seeks to represent.  Members of the class are ascertainable from Plaintiffs'

24  description of the class and/or Lowe's records and the class is sufficiently numerous.

25      43.    Plaintiffs will fairly and adequately represent the members of the class and have

26  no interests that are antagonistic to the claims of the class.  Plaintiffs' interests in this action are

27  antagonistic to the interests of Defendants, and they will vigorously pursue the claims of the

28  class.  Plaintiffs are members of the class, are similarly situated to the other members of the class

LAW OFFICES
COTCHETT, PITRE
& McCARTHY,
LLP

Amended Class Action Complaint    9

Exh A   Page 33

1   and are adequate representatives of the class.

2       44.     The representative Plaintiffs have retained competent and experienced class

3   action litigation counsel, who has successfully represented classes in other complex class actions.

4       45.     Common questions of law and fact impact the rights of each member of the

5   class and a common remedy by way of permissible damages and/or injunctive relief is sought for

6   the class.

7       46.     There are numerous and substantial questions of law and fact common to all

8   members of the class which will predominate over any individual issues. These common

9   questions of law and fact include, without limitation:

10          a.   Whether Plaintiffs and the class are properly classified as independent contractors

11              by Lowe's or whether they are, in fact, employees of Lowe's;

12          b.   Whether Lowe's violated § 2750.5 of the California Labor Code;

13          c.   Whether Lowe's violated § 2802 of the California Labor Code;

14          d.   Whether Lowe's violated § 17200 of the California Business and Professions

15              Code;

16          e.   Whether Lowe's misrepresented to Plaintiffs and the class that they were

17              independent contractors when they were, in fact, employees of Lowe's;

18          f.   Whether Lowe's improperly failed to provide Plaintiffs and the class with benefits

19              offered to all Lowe's employees;

20          g.   Whether Lowe's improperly failed to pay Plaintiffs' and the class's taxes

21              including withholding and FICA taxes; and

22          h.   Whether Lowe's failed to pay Plaintiffs and the class overtime wages when they

23              worked more than 40 hours per week.

24      47.     Plaintiffs and class members have suffered damages as a result of Defendants'

25   wrongful conduct. Because the size of the claims of the individual class members are relatively

26   small, few, if any, class members could afford to seek legal redress for the wrongs complained of

27   herein. A class action is, therefore, superior to other available methods for the fair and efficient

28

®
LAW OFFICES
COTCHETT, PITRE
& McCARTHY,
LLP

**Amended Class Action Complaint**                                              10

1   adjudication of this controversy.   Trial of Plaintiffs' and the class members' claims is easily
2   manageable.

3       48.     The persons in the class are so numerous that dispositions of their claims in this
4   case and as part of a single class action lawsuit, rather than numerous individual lawsuits, will
5   benefit the parties and greatly reduce the aggregate judicial resources that would be spent.

6       49.     Plaintiffs know of no difficulty that will be encountered in the management of
7   this litigation, which would preclude its maintenance as a class action.

8       50.     Lowe's has acted on grounds generally applicable to the entire class, thereby
9   making final injunctive relief or corresponding declaratory relief appropriate with respect to the
10   class as a whole.   Prosecution of separate actions by individual members of the class would
11   create the risk of inconsistent or varying adjudications with respect to individual members of the
12   class that would establish incompatible standards of conduct for the Defendants.

13       51.     Without a class action, Defendants will likely retain the benefit of their
14   wrongdoing and will continue a course of action, which will result in further damages to
15   Plaintiffs and the class.

16                              **COUNT I**

17           **(Violation of § 2750.5 of the California Labor Code)**

18       52.     Plaintiffs re-allege and incorporate by reference the allegations contained in the
19   preceding paragraphs of this complaint, as though fully set forth herein.

20       53.     Plaintiffs are employees of Lowe's.   Plaintiffs did not have the right to control
21   or the discretion to control the result of the work they performed for Lowe's.   Lowe's had the
22   power to control and direct when and where the Plaintiffs performed work for Lowe's and the
23   results of the work performed.   Lowe's had the same power to control and discretion to control,
24   the work of all installers who performed services for Lowe's.   Lowe's would dispatch its own
25   employees to oversee and/or review the work performed by Plaintiffs to insure that the result of
26   the work met with Lowe's approval.

27       54.     The work performed by Plaintiffs was directed by Lowe's.   Lowe's dictated
28   when and where the work was to be performed.   Lowe's received payments from the customers

LAW OFFICES
COTCHETT, PITRE
& McCARTHY,
LLP

Amended Class Action Complaint                                           11

1  and, after extracting a profit for itself, paid the Plaintiffs pursuant to a pre-set fixed fee schedule.

2  Plaintiffs had no power or right to bargain for a different price than the one set by Lowe's.

3      55.    The work performed by Plaintiffs is within the ordinary course of business of

4  Lowe's and Lowe's supplied the materials necessary for the Plaintiffs to accomplish its work.

5      56.    As a result, Plaintiffs and each member of the class are employees of Lowe's

6  pursuant to § 2750.5 of the California Labor Code.

7                                  **COUNT II**

8                  **(Violation of § 2802 of the California Labor Code)**

9      57.    Plaintiffs re-allege and incorporate by reference the allegations contained in the

10 preceding paragraphs of this complaint, as though fully set forth herein.

11     58.    Section 2802 of the California Labor Code provides that "[a]n employer shall

12 indemnify his or her employee for all necessary expenditures or losses incurred by the employee

13 in direct consequence of the discharge of his or her duties ... ."  Lowe's failed to indemnify

14 Plaintiffs and each member of the class the necessary expenditures to discharge their duties

15 including the cost of maintenance, cleaning, depreciation, fuel, oil, tires, repairs, taxes, licenses,

16 tolls and insurance for the vehicles they used to travel to each work site to perform the

17 installation.  Lowe's also failed to provide for the expenditures regarding workers' compensation

18 insurance, failed to provide overtime wages; and required Plaintiff, and all other installers, to pay

19 self-employment tax on all income earned from Lowe's

20     59.    As a result, Lowe's violated § 2802 of the California Labor Code.

21                                  **COUNT III**

22         **(Unfair Competition in Violation of Cal. Bus. & Prof. Code 17200, et seq.)**

23     60.    Plaintiffs re-allege and incorporate by reference the allegations contained in the

24 preceding paragraphs of this complaint, as though fully set forth herein.

25     61.    Defendants have engaged in a pattern and practice of acts of unfair competition

26 in violation of the UCL, including the practices alleged herein.

27

28

⊕
LAW OFFICES
COTCHETT, PITRE
& McCARTHY,
LLP

Amended Class Action Complaint                                          12

Exh A   Page 36

62.     Cal. Bus. & Prof. Code § 17200 provides:

> As used in this chapter, unfair competition shall mean and include any unlawful or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with section 17500) of Part 3 of Division 7 of the Business and Professions Code.

63.     Cal. Bus. & Prof. Code § 17204 provides that an action for violation of California's Unfair Competition Law may be brought by persons who have suffered injury in fact and have lost money or property as a result of such unfair competition and Cal. Bus. & Prof. Code § 17203 provides that a court may grant injunctive and equitable relief to such persons.

64.     The unlawful conduct of the Defendants alleged in this First and Second Counts, are acts of unfair competition under Business & Professions Code §§ 17200, *et seq.*, for which Defendants are liable for damages and for which this Court should issue equitable and injunctive relief, pursuant to Cal. Bus. & Prof. Code § 17203.

65.     By its conduct, Defendants have engaged in unfair business practices in California by employing and utilizing the employment practices complained of herein.  Defendants' use of such unfair business practices constitutes unfair competition that provides Defendants with an unfair advantage over Defendants' competitors.

66.     Defendants' practices as described herein are unlawful, unfair and fraudulent.

67.     Defendants' conduct as alleged herein is "unlawful" in that it violates the California Labor Code, as described in this Complaint.  Among other things, as herein alleged, Defendants violate California law by misclassifying Plaintiffs and others as independent contractors but who were, in fact, employees of Lowe's in accordance with the California Labor Code.

68.     Defendants' conduct as alleged herein is also "unfair" because, among other things, it seeks to nullify the policies underlying the California Labor Code, including the indemnification of Plaintiffs and each member of the class relating to the necessary expenditures to discharge their duties including the cost of maintenance, cleaning, depreciation, fuel, oil, tires, repairs, taxes, licenses, tolls and insurance for the vehicles they used to travel to each work site

LAW OFFICES
COTCHETT, PITRE
& McCARTHY,
LLP

Amended Class Action Complaint                                                    13

Exh A    Page 37

1   to perform the installation. Lowe's also failed to provide for the expenditures regarding

2   workers' compensation insurance.

3       69.     Defendants' scheme, as alleged herein, is also "fraudulent," in that it is

4   knowingly calculated and likely to mislead. Defendants consistently administered a corporate

5   policy of misclassification of individuals and entities, including all class members, as independent

6   contractors who were in fact employees. This corporate policy and pattern of conduct was

7   accomplished with the advance knowledge and designed intent by Defendant to save millions of

8   dollars and causing damage to all class members.

9       70.     Unless enjoined, Defendant will continue to misclassify Plaintiffs and others as

10  independent contractors but who were, in fact, employees of Lowe's in accordance with the

11  California Labor Code.

12      71.     Plaintiffs have suffered injuries in fact and has lost money as a result of

13  Defendants' conduct as more specifically alleged above.

14                          **PRAYER FOR RELIEF**

15  WHEREFORE, Plaintiffs pray for judgment against Lowe's as follows:

16
17      1.      Certification of the proposed class and notice thereto to be paid by Lowes;

18      2.      For damages, and all other appropriate legal and equitable relief;

19      3.      For reasonable attorneys' fees and costs;

20      4.      For appropriate injunctive and declaratory relief;

21      5.      For costs of suit herein; and

22      6.      For such further relief as this Court may deem just and proper.

23

24

25

26

27

28

⊕
LAW OFFICES
COTCHETT, PITRE
& McCARTHY,
LLP

**Amended Class Action Complaint**                                                    14

1

## REQUEST FOR A JURY TRIAL

2    Plaintiffs hereby demand a trial by jury on all counts so triable.

3

4

5    Dated: June 20, 2012                    Respectfully submitted,

6                                            COTCHETT, PITRE & McCARTHY, LLP

7

8                                            MARK C. MOLUMPHY (#168009)
                                             mmolumphy@cpmlegal.com
9                                            MATTHEW K. EDLING (#250940)
                                             medling@cpmlegal.com
10                                           BRYAN M. PAYNE (#272971)
                                             bpayne@cpmlegal.com
11                                           HESTER H. CHENG (#273578)
                                             hcheng@cpmlegal.com
12                                           840 Malcolm Road, Suite 200
                                             Burlingame, CA 94010
13                                           Telephone: (650) 697-6000
                                             Facsimile: (650) 697-0577
14

15                                           **BLOCK & LEVITON LLP**
                                             Jeffrey C. Block
16                                           Jeff@blockesq.com
                                             Jason M. Leviton
17                                           Jason@blockesq.com
                                             Scott A. Mays
18                                           scot@blockesq.com
                                             155 Federal Street
19                                           Boston, MA 02110
                                             Telephone: (617) 398-5600
20                                           Facsimile: (617) 507-6020

21                                           *Attorneys for Plaintiffs Ronald Shephard and Henry*
                                             *Romines Individually and on Behalf of All Others*
22                                           *Similarly Situated*

23

24

25

26

27

28

LAW OFFICES
COTCHETT, PITRE     | Amended Class Action Complaint                                    15
& McCARTHY,
LLP

CASE NUMBER: CGC-12-521641 RONALD SHEPHARD et al VS. LOWE'S HOME CENTERS,

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

| | | |
|---|---|---|
| **DATE:** | **NOV-14-2012** | |
| **TIME:** | **2:00PM** | |
| **PLACE:** | **Department 610** | |
| | **400 McAllister Street** | |
| | **San Francisco, CA 94102-3680** | |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.**
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

Exh. A Page 40

# MEDIATION SERV

MEDIATION SERVICES

## TESTIMONIALS

"This was the third attempt to mediate this case, and the BASF mediator was far and away the best mediator. I dare say that we would not have settled today but for his efforts."

George Yuhas, Esq.
Orrick, Herrington & Sutcliffe LLP

"We had an excellent experience and, after 8½ hours of mediation, [the BASF mediator] settled a very difficult case involving claims against four clients of ours by a wealthy investor who claimed inadequate disclosure was made."

Robert Charles Friese, Esq.
Shartsis Friese LLP

"When the other side made their offer, I thought there was no way we would reach an agreement – we were too far apart, but the mediator brought us together. He saved me a lot of time and aggravation by facilitating a settlement. Thanks!"

Leslie Caplan
Global Warming Campaign Manager,
Bluewater Network

"BASF staff was very helpful – stayed on the task and kept after a hard to reach party. The mediator was great!"

Mark Abelson, Esq.
Campagnoli, Abelson & Campagnoli

"The [BASF] mediator was excellent! He was effective with some strong, forceful personalities."

Denise A. Leadbetter, Esq.
Zacks, Utrecht & Leadbetter

EXPERIENCED MEDIATORS
AVAILABLE IN THE FOLLOWING

Exh. A    Page 41

## WHAT IS BASF'S MEDIATION SERVICE?

The Bar Association of San Francisco's Mediation Services is a private mediation service which will assist you with almost any type of dispute, from simple contract disputes to complex commercial matters.

## WHO ARE THE MEDIATORS?

They are established mediators who have private mediation practices and have met our extensive experience requirements. By going through BASF you receive the services of these highly qualified mediators at a great value.

## HOW DO I LEARN MORE ABOUT THE MEDIATORS?

BASF's website (www.sfbar.org/mediation) provides bios, photos and hourly rates of mediators. You can search by name or by area of law needed for your case. BASF staff is also always available to assist you with selection or to answer questions.

## HOW MUCH DOES THE SERVICE COST?

A $250 per party administrative fee is paid to BASF at the time the Consent to Mediate form is filed. This fee covers the first hour of mediator preparation time and the first two hours of session time. Time beyond that is paid at the mediator's normal hourly rate.

## HOW IS THE MEDIATOR CHOSEN?

You may request a specific mediator from our website (www.sfbar.org/mediation) and indicate your choice on the BASF Consent to Mediate form, or you may indicate on the form that you would like BASF staff to assist with the selection.

## WHY SHOULD I GO THROUGH BASF? CAN'T I JUST CALL THE MEDIATOR DIRECTLY?

BASF mediators have agreed to provide three free hours as a service to BASF. If you go directly to one of our mediators, you do not qualify for the free hours unless you notify us. Once you have filed with us, you will talk directly to the mediator to ask questions and to set a convenient mediation date and time.

## HOW LONG IS THE MEDIATION SESSION?

The time spent in mediation will vary depending on your dispute. BASF mediators are dedicated to reaching a settlement, whether you need a few hours or several days.

## WHO CAN USE THE SERVICE?

BASF mediation can be utilized by anyone and is NOT limited to San Francisco residents or issues. Also, the service may be used before a court action is filed or at any time during a court action.

## OUR CASE IS FILED IN COURT; HOW DO WE USE BASF'S MEDIATION SERVICES?

When you file the San Francisco Superior Court's Stipulation to ADR form, check the box indicating "Mediation Services of BASF." Then complete BASF's Consent to Mediate form found on our website and file it with us. (If the matter was filed in a different county, please check with that court for the appropriate process.)

## WE ARE ON A DEADLINE; HOW QUICKLY CAN WE MEDIATE?

Once all parties have filed all the paperwork, BASF can normally have you in touch with the mediator within a day or two. If there is a deadline, BASF staff will give the matter top priority.

## WHAT TYPES OF DISPUTES CAN I MEDIATE?

BASF mediators are trained in 30+ areas of law. If you don't see the area you need on our website or in this brochure, contact us; it is very likely we can match your need with one of our panelists.

## MORE INFORMATION

Visit our website (www.sfbar.org/mediation) where you can search by name or by area of law. For personal assistance, please call 415-982-1600.

WWW.SFBAR.ORG/MEDIATION · ADR@SFBAR.ORG · 415.982.1600

# Alternative Dispute Resolution (ADR) Program Information Package

# Alternatives to Trial

## There are other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint.  (CRC 3.221(c))



**Superior Court of California
County of San Francisco**

Exh A    Page 43

# Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

# Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can save time.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR encourages participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR is flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Exh. A    Page 44

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

# Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

Exh. A  Page 45

# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

1)     Judicial Arbitration
2)     Mediation
3)     The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

## JUDICIAL ARBITRATION

### Description

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called <u>judicial arbitration</u>. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through <u>private arbitration</u>. Here, the parties

Exh. A   Page 44

voluntarily consent to arbitration.  If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision.  In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

## Operation

Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration.  A case is ordered to arbitration after the Case Management Conference.  An arbitrator is chosen from the Court's Arbitration Panel.  Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference.  Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision.  Any party may request a court trial within 30 days after the arbitrator's award has been filed.

## Cost

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.

# MEDIATION

## Description

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations.  The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case.  The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution. Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.

Exh. A   Page 47

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

### Operation

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at **www.sfsuperiorcourt.org.** Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

### Private Mediation

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation. The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial. Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110). Both forms are attached to this packet.

Exh A   Page 48

***Mediation Services of the Bar Association of San Francisco***

The Mediation Services is a coordinated effort of the San Francisco
Superior Court and The Bar Association of San Francisco (BASF) in which
a court approved mediator provides three hours of mediation at no charge
to the parties. It is designed to afford civil litigants the opportunity to
engage in early mediation of a case shortly after filing the complaint, in an
effort to resolve the matter before substantial funds are expended on the
litigation process. Although the goal of the program is to provide the
service at the outset of the litigation, the program may be utilized at
anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by
BASF pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution
form included in this ADR package the parties will be contacted by BASF.
Upon payment of the $250 per party administration fee, parties select a
specific mediator from the list of approved mediation providers or BASF will
help them select an appropriate mediator for the matter. The hourly
mediator fee beyond the first three hours will vary depending on the
mediator selected. Waiver of the administrative fee based on financial
hardship is available.

A copy of the Mediation Services rules can be found on the BASF website
at **www.sfbar.org/mediation** or you may call the BASF at 415-982-1600.

***Judicial Mediation***

The Judicial Mediation program is designed to provide early mediation of
complex cases by volunteer judges of the San Francisco Superior Court.
Cases considered for the program include construction defect, employment
discrimination, professional malpractice, insurance coverage, toxic torts
and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to
Alternative Dispute Resolution form attached to this packet indicating a joint
request for inclusion in the program. A preference for a specific judge may
be indicated. The court's Alternative Dispute Resolution Coordinator will
coordinate assignment of cases that qualify for the program.

## Cost

Generally, the cost of Private Mediation ranges from $100 per hour to $800 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $250 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

### Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

### Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the Case Management Statement (CM-110).

Exh A Page 50

If the Court assigns a matter to the ESP, parties may consult the ESP program materials accompanying the "Notice of the Early Settlement Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4 months prior to trial.  The settlement conference is typically held 2 to 3 months prior to the trial date.  The Bar Association's ESP Coordinator informs the participants of names of the panel members and location of the settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP.  All parties to a case assigned to the ESP are required to submit a settlement conference statement prior to the conference.  All parties, attorneys who will try the case, and insurance representatives with settlement authority are required to attend the settlement conference.  If settlement is not reached through the conference, the case proceeds to trial as scheduled.

### Cost

All parties must submit a $250 generally non-refundable administrative fee to the Bar Association of San Francisco.  Parties who meet certain eligibility requirements may request a fee waiver.  For more information, please contact the ESP Coordinator at (415) 782-9000 ext. 8717.

* * * * * * * * * * * * * * * * * * * *

For further information about San Francisco Superior Court ADR programs or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution,
400 McAllister Street, Room 103
San Francisco, CA   94102
(415) 551-3876

Or, visit the Superior Court Website at **www.sfsuperiorcourt.org**

Exh A   Page 51

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO
400 McAllister Street, San Francisco, CA  94102-4514

|  |  |
|---|---|
| Plaintiff<br><br>v.<br><br>Defendant | Case No. _____<br><br>**STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**<br><br>**DEPARTMENT  610** |

**The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:**

☐ **Private Mediation**   ☐ **Mediation Services of BASF**   ☐ **Judicial Mediation**
☐ **Binding arbitration**                                                                Judge _____
☐ **Non-binding judicial arbitration**                                     Judge _____
☐ **BASF Early Settlement Program**
☐ **Other ADR process (describe)** _____

**Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

_____

_____

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant |  | Dated: _____ |

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant |  | Dated: _____ |

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant |  | Dated: _____ |

☐ *Additional signature(s) attached*

Exh. A  Page 52

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | |
| ATTORNEY FOR (Name): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| (Check one): ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000)  ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                Time:                Dept.:                Div.:                Room:

Address of court (if different from the address above):

☐ Notice of Intent to Appear by Telephone, by (name):

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (name):
   b. ☐ This statement is submitted **jointly** by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date):
   b. ☐ The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (specify names and explain why not):

      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):

      (3) ☐ have had a default entered against them (specify names):

   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and date by which they may be served):

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint (Describe, including causes of action):

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

Exh A   Page 53

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial.     *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a.   ☐   The trial has been set for *(date):*
b.   ☐   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.   ☐   days *(specify number):*
b.   ☐   hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:                                    f.   Fax number:
e.   E-mail address:                                       g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   **Preference**
☐   This case is entitled to preference *(specify code section):*

10.   **Alternative dispute resolution (ADR)**

a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1)   For parties represented by counsel: Counsel ☐ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)   For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b.   **Referral to judicial arbitration or civil action mediation** (if available).

(1)   ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)   ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)   ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

Exh. A   Page 54

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled <br> ☐ Mediation session scheduled for *(date)*: <br> ☐ Agreed to complete mediation by *(date)*: <br> ☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled <br> ☐ Settlement conference scheduled for *(date)*: <br> ☐ Agreed to complete settlement conference by *(date)*: <br> ☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled <br> ☐ Neutral evaluation scheduled for *(date)*: <br> ☐ Agreed to complete neutral evaluation by *(date)*: <br> ☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled <br> ☐ Judicial arbitration scheduled for *(date)*: <br> ☐ Agreed to complete judicial arbitration by *(date)*: <br> ☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled <br> ☐ Private arbitration scheduled for *(date)*: <br> ☐ Agreed to complete private arbitration by *(date)*: <br> ☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled <br> ☐ ADR session scheduled for *(date)*: <br> ☐ Agreed to complete ADR session by *(date)*: <br> ☐ ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

Exh A   Page 55

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:
b. Reservation of rights: ☐ Yes ☐ No
c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
☐ Bankruptcy ☐ Other *(specify)*:
Status:

**13. Related cases, consolidation, and coordination**
a. ☐ There are companion, underlying, or related cases.
    (1) Name of case:
    (2) Name of court:
    (3) Case number:
    (4) Status:

    ☐ Additional cases are described in Attachment 13a.
b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

**14. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**15. Other motions**
☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

**16. Discovery**
a. ☐ The party or parties have completed all discovery.
b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:
    <u>Party</u>            <u>Description</u>            <u>Date</u>

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:

---

**CASE MANAGEMENT STATEMENT**

Exh. A Page 56

| | CM-110 |
|---|---|
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | CASE NUMBER: |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

Exh A Page 57



# Superior Court of California
## County of San Francisco



**HON. KATHERINE FEINSTEIN**
PRESIDING JUDGE

# Judicial Mediation Program

**JENIFFER B. ALCANTARA**
ADR ADMINISTRATOR

The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to personal injury, professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial Mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable Linda Colfax
The Honorable Michael Begert
The Honorable Gail Dekreon
The Honorable Ernest H. Goldsmith
The Honorable Curtis Karnow
The Honorable Charlene P. Kiesselbach
The Honorable Patrick J. Mahoney

The Honorable James J. McBride
The Honorable Ronald Quidachay
The Honorable A. James Robertson, II
The Honorable John K. Stewart
The Honorable Monica F. Wiley
The Honorable Mary E. Wiss
The Honorable Charlotte W. Woolard

Parties interested in Judicial Mediation should file the Stipulation to Alternative Dispute Resolution form indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 610. A preference for a specific judge may be indicated on the form but assignment to a particular judge is not guaranteed. Please allow at least 30 days from the filing of the form to receive the notice of assignment. The court Alternative Dispute Resolution Administrator will facilitate assignment of cases that qualify for the program.

Note: Space and availability is limited. Submission of a stipulation to Judicial Mediation does *not* guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

07/2011 (rw)

Exh A Page 58

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Matthew K. Edling (250940)
Cotchett, Pitre & McCarthy, LLP
840 Malcolm Road

Burlingame, CA 94010
　　TELEPHONE NO.: (650) 697-6000　FAX NO. (Optional): (650) 697-0577
E-MAIL ADDRESS (Optional): medling@cpmlegal.com
　ATTORNEY FOR (Name): Ronald Shephard and Henry Romines

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco
　STREET ADDRESS: 400 McAllister Street
　MAILING ADDRESS:
　CITY AND ZIP CODE: San Francisco, CA 94102
　BRANCH NAME: SF Superior

PLAINTIFF/PETITIONER: Ronald Shephard and Henry Romines, on
behalf of themselves and all others similarly situated

DEFENDANT/RESPONDENT: Lowe's HIW, Inc.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CGC-12-521641 |
|---|---|

TO (insert name of party being served): Lowe's HIW, Inc.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: June 25, 2012

Scott A. Mays
(TYPE OR PRINT NAME)　　　　　　　▶ _(signature)_
　　　　　　　　　　　　　(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):
1. ☐ A copy of the summons and of the complaint.
2. ☒ Other: (specify): (1) Amended Complaint; (2) Summons to Amended Complaint;
　　　(3) Civil Cover Sheet; (4) ADR Package; and (5) Notice to Plaintiff

(To be completed by recipient): June 26, 2012
Date this form is signed:

Emily B. Vicente for Lowe's HIW, Inc.　　　▶ _(signature)_
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,　　　(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)　　　　ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Legal<br>Solutions<br>Plus | Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10 |

Exh A　Page 59

1  Phillip J. Eskenazi (State Bar No. 158976)
   peskenazi@hunton.com
2  Emily Burkhardt Vicente (State Bar No. 263990)
   ebvicente@hunton.com
3  Kirk A. Hornbeck (State Bar No. 241708)
   khornbeck@hunton.com
4  **HUNTON & WILLIAMS LLP**
   550 South Hope Street, Suite 2000
5  Los Angeles, California 90071-2627
   Telephone: (213) 532-2000
6  Facsimile: (213) 532-2020

7  Attorneys for Defendant
   LOWE'S HIW, INC.

8

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

JUL 2 3 2011

CLERK OF THE COURT
BY: ____ROSSALY DE LA VEGA____
                           Deputy Clerk

9                  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                      **FOR THE COUNTY OF SAN FRANCISCO**

11

12  RONALD SHEPHARD and HENRY           CASE NO.: CGC-12-521641
    ROMINES, on behalf of themselves and all
13  others similarly situated,          **DEFENDANT LOWE'S HIW, INC.'S**
                                        **ANSWER TO UNVERIFIED FIRST**
14          Plaintiffs,                 **AMENDED CLASS ACTION COMPLAINT**

15  v.

16                                      **FILED BY FAX**

17  LOWE'S HIW, INC., and DOES 1
    through 50,
18
                                        Date Action Filed: June 20, 2012
19          Defendants.

20

21

22

23

24

25

26

27

28

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1    Defendant Lowe's HIW, Inc. ("Lowe's") hereby answers the unverified First Amended Class

2    Action Complaint ("FAC") of Plaintiffs Ronald Shephard and Henry Romines ("Plaintiffs") as

3    follows:

4

5                    **GENERAL DENIAL OF ALLEGATIONS**

6    1.    Pursuant to California Code of Civil Procedure Section 431.30(d), Lowe's generally

7    denies the unverified allegations in the FAC.

8

9                        **AFFIRMATIVE DEFENSES**

10    Without waiving or excusing the burden of proof on Plaintiffs' causes of actions, or

11    admitting that Lowe's has any burden of proof, Lowe's hereby asserts the following affirmative

12    defenses:

13                    **FIRST AFFIRMATIVE DEFENSE**

14                        (Failure to State a Claim)

15    2.    Plaintiffs' FAC, and each cause of action therein, fails to state facts sufficient to

16    constitute a cause of action against Lowe's.

17                **SECOND AFFIRMATIVE DEFENSE**

18                        (Statutes of Limitation)

19    3.    Plaintiffs' causes of action are barred, in whole or in part, by the applicable statutes of

20    limitation.

21                    **THIRD AFFIRMATIVE DEFENSE**

22                            (Exemption)

23    4.    Plaintiffs' causes of action are barred, in whole or in part, because he was exempt

24    from being paid wages, including overtime, under California law.

25

26

27

28

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

### FOURTH AFFIRMATIVE DEFENSE

#### (Accord and Satisfaction)

5.     Plaintiffs' causes of action are barred, in whole or in part, by the doctrine of accord and satisfaction.

### FIFTH AFFIRMATIVE DEFENSE

#### (*De Minimis* Doctrine)

6.     Plaintiffs' causes of action are barred, in whole or in part, by the *de minimis* doctrine.

### SIXTH AFFIRMATIVE DEFENSE

#### (Good Faith)

7.     Plaintiffs' causes of action are barred, in whole or in part, because Lowe's at all times acted in good faith and had reasonable grounds for believing that it did not violate California law with respect to matters alleged in the FAC.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Consent)

8.     Plaintiffs' causes of action are barred, in whole or in part, because they consented to and acquiesced in the alleged conduct of Lowe's of which they now complain.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Waiver)

9.     Plaintiffs' causes of action are barred, in whole or in part, by the doctrine of waiver.

### NINTH AFFIRMATIVE DEFENSE

#### (Laches)

10.     Plaintiffs' causes of action are barred, in whole or in part, by the doctrine of laches.

### TENTH AFFIRMATIVE DEFENSE

#### (Estoppel)

11.     Plaintiffs' causes of action are barred, in whole or in part, by the doctrine of estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

12.     Plaintiffs' causes of action are barred by the doctrine of unclean hands.

DEFENDANT LOWE'S HIW, INC.'S ANSWER TO UNVERIFIED FIRST AMENDED CLASS ACTION COMPLAINT

Exh A   Page 62

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

**TWELFTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

13.     Plaintiffs' recovery must be reduced as a result of their failure to mitigate their alleged damages, if any.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Failure to Exhaust Administrative Remedies)

14.     Plaintiffs are barred from relief to the extent they were required, but failed, to exhaust administrative remedies.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(No Coverage/Barred by Terms and Conditions)

15.     Plaintiffs' causes of action are barred, in whole or in part, to the extent the claims alleged against it do not fall within the scope of the coverage or are barred by the terms, conditions, definitions, exclusions, and the limitations contained in pension and/or welfare benefit plans at issue.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(No Jury Trial)

16.     Plaintiff is not entitled to a jury trial on some or all of his claims.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Reservation of Defenses)

17.     Lowe's has insufficient knowledge or information upon which to form a belief as to whether it may have additional, and as yet unstated, affirmative defenses available.  Lowe's, therefore, reserves the right to assert such additional defenses in the event that discovery, investigation, or analysis indicates that they are proper.

**WHEREFORE**, Lowe's prays for judgment as follows:

1.     That Plaintiffs take nothing by their FAC and that their FAC be dismissed with prejudice;

2.     That judgment be entered against Plaintiffs and in favor of Lowe's;

3.     That Lowe's be awarded its costs of suit herein; and

3

1       4.     That Lowe's be awarded such other and further relief as the Court deems just and

2  proper.

3

4  Dated:  July 23, 2012             HUNTON & WILLIAMS LLP

5

6

7                  By:

8                       Phillip J. Eskenazi

                     Attorneys for Defendant

                     LOWE'S HIW, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1

## PROOF OF SERVICE

2

3   STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4         I am employed in the County of Los Angeles, State of California.  I am over the age of 18
    years and not a party to this action.  My business address is 550 South Hope Street, Suite 2000, Los
5   Angeles, California 90071.

6         On **July 23, 2012**, I served the foregoing document(s) described as:

7         **DEFENDANT LOWE'S HIW, INC.'S ANSWER TO UNVERIFIED
8             FIRST AMENDED CLASS ACTION COMPLAINT**

9         on the interested parties in this action as follows:

10

11      **Mark C. Molumphy**                    **Jeffrey C. Block**
        **COTCHETT, PITRE &**                   **BLOCK & LEVITON LLP**
12      **McCARTHY, LLP**                       **155 Federal Street, Suite 1303**
        **840 Malcolm Road, Suite 200**         **Boston, MA  02110**
13      **Burlingame, CA  94010**
        (650) 697-6000                          (617) 398-5600
14

15

16   ☐   **By FAX:**  by causing a true copy thereof to be sent via facsimile to the attorney(s) of record
         at the telecopier number(s) so indicated above and that the transmission was reported as
17       completed and without error.

18   ☐   **By MAIL:**  by placing true and correct copy(ies) thereof in an envelope addressed to the
         attorney(s) of record, addressed as stated above.
19

20   ☐   **By PERSONAL SERVICE:**  I delivered the envelope by hand on the addressee, addressed
         as stated above.
21

22   ☒   **By FEDERAL EXPRESS:**  by causing same to be delivered via Federal Express to the
         addressee(s).

23         I declare under penalty of perjury under the laws of the State of California that the above is
24   true and correct.

25         Executed on **July 23, 2012**, Los Angeles, California.

26

27

28                                              _____
                                                ROXANA GUEVARA

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1
PROOF OF SERVICE

Exh. A   Page 65