1  MATTHEW K. EDLING (#250940)
   medling@cpmlegal.com
2  JENNIFER R. CRUTCHFIELD (#275343)
   jcrutchfield@cpmlegal.com
3  **COTCHETT, PITRE & McCARTHY, LLP**
4  840 Malcolm Road, Suite 200
   Burlingame, CA 94010
5  Telephone: (650) 697-6000
   Fax: (650) 697-0577
6

7  JEFFREY C. BLOCK (*pro hac vice*)
   jeff@blockesq.com
8  ERICA G. SORG (*pro hac vice*)
   erica@blockesq.com
9  **BLOCK & LEVITON LLP**
10 155 Federal Street, Suite 1303
   Boston, Massachusetts 02110
11 Telephone:  (617) 398-5600
   Fax:  (617) 507-6020
12

13 *Attorneys for Plaintiffs Ronald Shephard*
   *Merrill's Garage Doors, Inc. and the Class*
14

15               **UNITED STATES DISTRICT COURT**
                 **NORTHERN DISTRICT OF CALIFORNIA**
16                        **OAKLAND DIVISION**

17 | RONALD SHEPHARD and HENRY | CASE NO. 12-CV-03893-JSW |
   | ROMINES, on behalf of themselves and all | |
18 | others similarly situated; | |
   | | **PLAINTIFFS' MOTION FOR** |
19 | Plaintiffs, | **PRELIMINARY APPROVAL OF CLASS** |
   | | **ACTION SETTLEMENT** |
20 | | |
   | vs. | **Date:   June 27, 2014** |
21 | | **Time:  9:00 a.m.** |
   | | **Ctrm: 5** |
22 | LOWE'S HIW, INC., and DOES 1 through 50. | |
23 | | [[PROPOSED] ORDER FILED |
   | Defendants. | CONCURRENTLY HEREWITH] |
24

25

26

27

28

LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

**PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS**
**ACTION SETTLEMENT**

## <u>TABLE OF CONTENTS</u>

<b><u>Page</u></b>

NOTICE OF MOTION AND MOTION ........................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................ 2

I.     INTRODUCTION AND SUMMARY OF SETTLEMENT ............................. 2

II.    PROCEDURAL HISTORY ............................................................................ 5

III.   SETTLEMENT TERMS AND PROVISIONS FOR CLASS NOTICE TO
BE SENT TO INSTALLERS ........................................................................ 7

IV.   THE SETLEMENT WARRANTS PRELIMINARY APPROVAL UNDER
RULE 23(e) AND IS SUPPORTED BY CASE LAW IN THE NINTH CIRCUIT
AND THE NORTHERN DISTRICT OF CALIFORNIA .............................. 8

   A.  Legal Standard ........................................................................................ 8

   B.  The Settlement Class Should Be Certified........................................... 10

       1.  The Settlement Class Meets the Requirements of Rule 23(a) ........... 11

           i.   Numerosity ...................................................................... 11

           ii.  Commonality .................................................................. 11

           iii.  Typicality........................................................................ 12

           iv.  Adequacy ........................................................................ 13

       2.  The Settlement Class Meets the Requirements of Rule 23(b) ........... 13

       3.  Plaintiffs' Counsel Should be Appointed As Counsel for the
Settlement Class ............................................................................ 15

   C.  The Proposed Settlement Meets The Rule 23 Standards for the Purpose
of Granting Preliminary Approval ...................................................... 16

       1.  The Strength of Plaintiffs' Case and the Amount Offered in Settlement ............. 16

       2.  The Risk, Expense, Complexity, and Likely Duration of Further Litigation ....... 18

**PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT**
i

23797.001115 EME_US 50104650v2

3.   The Extent of Discovery Completed and the Stage of Proceedings ....................20

4.   The Settlement Was the Result of Arms' Length Negotiations............................20

5.   The Settlement Administration Process Here is Fair and Reasonable.................21

D.   The Notice is Sufficient to Satisfy Rule 23 and Due Process Requirements...................22

V.   PROPOSED SCHEDULE ...........................................................................23

VI.   CONCLUSION.............................................................................................24

**PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

ii

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Amchem Products v. Windsor*

   521 U.S. 591 (1997) ............................................................................... 10, 13, 22

*Chun-Hoon v. McKee Foods Corp.*

   U.S. Dist. LEXIS 82029 (N.D. Cal. Oct. 31, 2006) ............................................... 14

*Class Plaintiffs v. Seattle*

   955 F.2d 1268 (9th Cir. 1992) ............................................................................... 8

*Clesceri v. Beach City Investigations & Protective Servs.*, Inc.

   2011 WL 320998  (C.D. Cal. Jan. 27, 2011) .......................................................... 21

*Cunningham v. Cnty. of Los Angeles*

   879 F.2d 481 (9th Cir. 1994) ............................................................................... 17

*Dalton v. Lee Publ'ns*

   270 F.R.D. 555 (S.D. Cal. 2010) ......................................................................... 14

*Evon v. Law Offices of Sidney Mickell*

   688 F.3d 1015 (9th Cir. 2012) ............................................................................. 13

*Hanlon v. Chrysler Corp.*

   150 F.3d 1011 (9th Cir. 1998) ...................................................................... passim

*Hanon v. Dataproducts Corp.*

   976 F.2d 497 (9th Cir. 1992) ............................................................................... 12

*Harris v. Marhoefer*

   24 F.3d 16 (9th Cir. 1994) .................................................................................. 17

*Harris v. Vector Marketing Corp.*

   2011 U.S. Dist. LEXIS 48878 (N.D. Cal. April 29, 2011) ....................................... 17

**PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

iii

*In re Bluetooth*

  654 F.3d 935 (9th Cir. 2011) ......................................................................... 20

*In Re Mego Fin. Corp. Sec. Litig.*

  213 F.3d 454 (9th Cir. 2000) ......................................................................... 20

*In re Tableware Antitrust Litig.*

  484 F.Supp.2d 1078 (N.D. Cal. 2007) ........................................................... 9

*In Re: High-Tech Employee Antitrust Litig.*

  2013 U.S. Dist. LEXIS 180530 (N.D. Cal. Oct. 30, 2013) ............................ 9

*In Re: HP Inkjet Printer Litig.*

  716 F.3d 1173 (2013) ..................................................................................... 17

*Lerwill v. Inflight Motion Pictures, Inc.*

  582 F.2d 507 (9th Cir. 1978) ......................................................................... 14

*Linney v. Cellular Alaska P'Ship*

  151 F.3d 1234 (9th Cir. 1998) ......................................................................... 8

*Lopez v. G.A.T. Airline Ground Support, Inc.*

  2010 U.S. Dist. LEXIS 95636 (S.D. Cal. Sept. 13, 2010) ............................ 11

*Magalhaes v. Lowe's Home Centers, Inc.*

  No. 2013-10666-DJC (March 10, 2014) ........................................................ 18

*Nat'l Fed' of the Blind v. Target Corp.*

  582 F.Supp.2d 1185 (N.D. Cal. 2007) ........................................................... 11

*Norris-Wilson v. Delta-T Group, Inc.*

  270 F.R.D. 596 (S.D. Cal. 2010) .............................................................. 12, 14

*Officers for Justice v. Civil Serv. Comm'n of the City of San Francisco*

  688 F.2d 615 (9th Cir. 1982) ........................................................................... 8

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

**PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT**                                                        iv

*Phelps v. 3PD Inc.*

    261 F.R.D. 548 (D. Or. 2009) ................................................................................ 14

*Rodriguez v. Hayes*

    591 F.3d 1105 (9th Cir. 2010) .............................................................................. 11

*Satchel v. Fed. Exp. Corp.*

    2007 U.S. Dist. LEXIS 99066 (N.D. Cal. Apr. 13, 2007) .................................... 20

*Schwartz v. Harp*

    108 F.R.D. 279 (C.D. Cal. 1985) .......................................................................... 12

*Sibert v. TV Magic, Inc.*

    2012 U.S. Dist. LEXIS 118245 (C.D. Cal. Aug. 21, 2012) .................................. 14

*Soto v. Diakon Logisitics, Inc.*

    2010 U.S. Dist. LEXIS 89330 (S.D. Cal. Aug. 30, 2010) ..................................... 12

*Staton v. Boeing Co.*

    327 F.3d 938 (9th Cir. 2003) ................................................................... 10, 17, 21

*Torrisi v. Tucsson Elec. Power Co.*

    8 F.3d 1370 (9th Cir. 1993) ................................................................................... 17

*Villegas v. J.P. Morgan Chase & Co.*

    2012 U.S. Dist. LEXIS 166704 (N.D. Cal. Nov. 20, 2012) ............................ passim

*Wal-Mart Stores, Inc. v. Dukes*

    131 S. Ct. 2541 (2011) ........................................................................................... 11

*Williams v. Vukovich*

    720 F.2d 909 (6th Cir. 1983) ................................................................................... 9

**Statutes**

29 U.S.C. § 1001 ........................................................................................................ 5

**PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**      v

**Other Authorities**

5 James Wm. Moore, Moore's Federal Practice s. 23.83(1) (3d ed. 2002) .............................. 9, 11

Manual For Complex Litigation (Fourth) § 21.632 (4th ed. 2004) ................................ 8

*Newberg on Class Actions* s 11.25 (4th ed. 2002) ........................................ 9

**Rules**

Fed. R. Civ. P. 23(a)(4)................................................................. 13

Fed. R. Civ. P. 23(b)(3)................................................... 10, 13, 14, 15

Fed. R. Civ. P. 23(c)(1)(B) ............................................................ 15

Fed. R. Civ. P. 23(c)(2)(b) ............................................................ 22

Fed. R. Civ. P. 23(f)................................................................... 6

Fed. R. Civ. P. 23(a) ............................................................ 10, 11

Fed. R. Civ. P. 23(b) ................................................................. 10

Fed. R. Civ. P. 23(g)(1)(C)(i) ........................................................ 15

Fed. R. Civ. P 23(e)(1)............................................................... 22

Fed. R. Civ. P. 23(e) ................................................................. 8

### NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 27, 2014, or as soon thereafter as counsel can be heard, before the Honorable Jeffrey S. White, United States District Courthouse, 1301 Clay Street, Oakland, CA 94612, Plaintiffs Ronald Shephard and Merrill's Garage Doors, Inc. will and hereby do move the Court, pursuant to Federal Rule of Civil Procedure 23, for an Order:

1. Approving the parties' stipulation to amend Plaintiffs' Complaint for settlement purposes,

2. Granting preliminary approval of the proposed settlement,

3. Certifying the proposed Settlement Class for settlement purposes only,

4. Appointing Plaintiffs Ronald Shephard and Merrill's Garage Doors, Inc. as the Settlement Class Representatives for settlement purposes only,

5. Appointing Block & Leviton LLP and Cotchett, Pitre & McCarthy, LLP as counsel for the Settlement Class,

6. Approving the manner and form of Notice to the Settlement Class, and

7. Setting a schedule for the lodging of objections to the settlement, if any, and holding a hearing for final approval of the class action settlement.

The grounds for this motion are that: (a) the settlement is in the range of reasonableness justifying issuance of notice of the Agreement to Settlement Class Members, and the scheduling of final approval proceedings; and (b) the form and manner of providing notice regarding the matters set forth above satisfying the requirements of Fed. R. Civ. P. 23 and due process. The settlement agreement is attached to the Declaration of Matthew K. Edling ("Edling Declaration") as Exhibit 1, and the proposed Notice to the Settlement Class is attached to the Settlement Agreement as Exhibit A.

//

**PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**                                                                 1

This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Matthew K. Edling along with its attached Exhibits, the complete files and records in this action, and such other written or oral arguments that may be presented to the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION AND SUMMARY OF SETTLEMENT**

In this action, Plaintiffs Ronald Shephard ("Shephard") and Merrill's Garage Doors, Inc. ("MGDI" and together with Shephard, "Plaintiffs") allege that Defendant Lowe's HIW, Inc., now known as Lowe's Home Centers, LLC ("Lowe's") misclassified all Type 1 and General Contractor installers, and the W-2 employees of those installers, who performed installation services for Lowe's customers on Lowe's behalf, including Shephard, as independent contractors rather than as employees in violation of California law.   Specifically, Plaintiffs assert that Lowe's had the right to control, and in fact did control all aspects of installation services performed by Shephard and all other Type 1 and General Contractor installers.   Plaintiffs further allege that Lowe's misclassification of the installers caused harm not only to the installers who did not receive the benefits attendant with being treated as employees, but also resulted in harm to the installation companies that contracted with Lowe's.   Lowe's strongly denies any wrongdoing and has presented numerous defenses to Plaintiffs' allegations, including that it does not control the installers, that Plaintiffs cannot recover the damages they allege they are entitled to recover and that Lowe's is entitled to indemnification from the installation companies with which it contracted.   Lowe's also intended to move to decertify the class, which this Court set for hearing on September 19, 2014.

To finally resolve this matter, the proposed Settlement Agreement ("Agreement") underlying this motion provides for a maximum settlement amount of $6,500,000 ("Maximum Settlement Amount") to be distributed, as set forth in the Settlement Agreement, to the

Settlement Class Members.  Shephard determined that if this action proceeded to trial and if Shephard prevailed on all of his claims, the maximum amount recoverable for the class would have been approximately $33 million.  Shephard submits that a recovery of $6.5 million, or approximately 20% of the recoverable damages, is an eminently fair and reasonable recovery.

The $6,500,000 "Maximum Settlement Amount," less certain expenses and fees and a PAGA payment, will be paid out by the Claims Administrator to the individual installers who submit a valid and timely claim form. To receive a share of the settlement, an individual settlement class member must declare under penalty of perjury that "(i) he or she performed installation work on at least one Lowe's installation job in California during the Class Period; (ii) he or she was a principal of or classified as a W-2 employee of an installation company that performed installation services for Lowe's under a General Contractor Agreement or a Contract for Installation Services during the Class Period; and (iii) he or she has not previously settled or released, or received awards for, the claims covered by this settlement." Agreement at ¶ 9(b)(3).

Each individual class member who submits a claim will be entitled to recover their share of the Maximum Settlement Amount less any costs for administration of the settlement, Court awarded attorneys' fees and reimbursement of expenses, Court approved Incentive Award ($5,000) to the Class Representative and payment of $65,000 as a Private Attorney General Act ("PAGA")  Allocation, $48,750 of which will be paid to the LWDA, with the remainder distributed to the Settlement Class.[1]  This monetary compensation is directly related to the

---

[1] Without the Agreement, Lowe's would not be obligated to provide these payments to the installers and the installation companies.  In no event will the amount paid to Settlement Class Members be less than 50% of the available settlement funds (called the "Potential Gross Individual Settlement Proceeds").  If the total of valid claims submitted by Settlement Class Members constitutes less than 50% of the Potential Gross Individual Settlement Proceeds, then the difference between that amount and 50% of the Potential Gross Individual Settlement Proceeds will be re-distributed to Settlement Class Members.  Agreement at ¶ 10(e).  Subject to that 50% "floor," Lowe's will retain any portion of the Potential Gross Settlement Proceeds not distributed to the Settlement Class.  Agreement at ¶ 10(d).

**PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**                                     3

conduct that Shephard and the Class challenged in this lawsuit.  Without the Agreement, Lowe's would not be obligated to provide these payments to the installers and the installation companies.

From the Maximum Settlement Amount, Lowe's will pay all reasonable costs of settlement notice and administration, which shall not exceed $150,000.  Agreement at ¶ 7(a).  Moreover, the Agreement allocates $65,000 of the Maximum Settlement Amount for PAGA payment, of which $48,750 will be paid to the California Labor & Workforce Development Agency.  Agreement at ¶ 7(d).

Finally, pursuant to the agreement, Plaintiffs' counsel will seek an award of attorneys' fees not to exceed 25% of the Maximum Settlement Amount, an application for reimbursement of expenses to Plaintiffs' counsel in an amount not to exceed $25,000, and a Class Representative incentive fee award not to exceed $5,000, which will be deducted from the Maximum Settlement Amount.  Agreement at ¶ 7(b), (c).  If the Court awards any amount less than those agreed to in the Agreement, the difference will become Potential Gross Individual Settlement Proceeds to be distributed to Settlement Class Members.  *Id.*

Accordingly, Shephard and MGDI, on behalf of themselves and the members of the Class and the proposed Settlement Class, respectfully move under Fed. R. Civ. P. 23(e) for an order granting preliminary approval of the settlement.  If finally approved, the Parties' settlement will fully and finally resolve this litigation, including a release of all claims: (1) related to Lowe's alleged misclassification of installers in California; and (2) all claims for breach of contract and indemnification that Lowe's has or may have had against the installation companies who choose not to exclude themselves from the settlement.  *See* Agreement ¶ 19. (defining Releases).

Given the inherent risks in litigation and the substantial length of the litigation to this point, the Parties respectfully submit that the settlement is within the range of reasonableness required for this Court to grant preliminary approval, and that the settlement represents a fair, reasonable, and adequate outcome in this litigation.  Accordingly, Plaintiffs request the Court

grant preliminary approval and begin the process for providing notice to Class Members thereby allowing them to review the settlement and exercise their rights.

## II.   PROCEDURAL HISTORY

Shephard filed his class action complaint on June 15, 2012, followed by his first amended class action complaint on June 20, 2012 in the Superior Court of California.[1]  On July 25, 2012, Lowe's removed the action to this Court, asserting that this Court had subject matter jurisdiction over this matter under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. ("ERISA") and that ERISA completely preempted Shephard's state law claims.  Shephard disputed that removal was proper and moved to remand the action to state court on August 24, 2012.  This Court denied Shephard's Motion for Remand to State Court on October 3, 2012, finding that "the Plaintiffs' claims seek to remedy the denial of benefits under ERISA-regulated benefit plans and therefore fall within the scope of, and are completely preempted by, ERISA and are thus removable to federal court."  (Dkt. 25 at 4.)

The Parties subsequently engaged in extensive discovery, including the propounding of multiple sets of interrogatories and document requests, as well as depositions of Shephard and Lowe's employees.  At the time the Parties reached the Agreement, additional fact discovery was ongoing.

On June 3, 2013, Shephard moved for class certification and, on August 19, 2013, this Court certified a class consisting of:

> All persons who installed products for Lowe's or performed services for Lowe's in the State of California and who were treated as independent contractors by Lowe's but over whom Lowe's exercised control and discretion in the performance of their installation services.

(*See* Dkt. 61 at 2.)  This Court found that, "[b]ecause the contract and standards at issue are substantially identical and provide the legal structure for the relationship and the scope of

---

[1] Plaintiff Henry Romines, originally named as a Plaintiff in this action, voluntarily dismissed his claims on February 6, 2013.

**PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**                    5

Defendant's right to control the installers…class certification is appropriate." (*Id.* at 9.)  The class period runs from June 15, 2008 to the present.

Lowe's continued to contest the appropriateness of class certification and subsequently filed a Fed. R. Civ. P. 23(f) Petition for Permission to Appeal Class Action Certification in the Ninth Circuit.  After both Parties submitted their respective briefs, the Ninth Circuit denied Lowe's petition.  Lowe's has indicated that it would file a Motion to Decertify the Class if the litigation proceeded and this Court set a hearing date of September 19, 2014 on such motion. (Dkt. 67.)

On December 13, 2013, Lowe's filed its Third-Party Complaint for Indemnification and Breach of Contract against MGDI, Shephard's garage door installation business.  Lowe's alleged, *inter alia*, that MGDI is bound to indemnify Lowe's because "Plaintiff's misclassification claim in this case constitutes a claim arising out of the existence of MGDI's contractual relationship with Lowe's for which MGDI has agreed to indemnify Lowe's under the Contract [for Installation Services.]"  (Dkt. 70 at 5.)  MGDI disputes that indemnification is proper and would have moved to dismiss the Third-Party Complaint but for the existence of this settlement agreement.

While pre-trial discovery was ongoing, the Parties selected private ADR pursuant to Civil Local Rule 16-8(c) and ADR 3-5(c), and, on January 28, 2014, participated in a full-day mediation before Steven J. Rottman, an experienced mediator.  The Parties provided briefs to Mr. Rottman on the merits of the case and on damages.  On January 28, 2014, the Parties signed a memorandum of understanding and, in presenting this motion, have finalized the settlement for which they now seek preliminary approval from this Court.

**PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**                                                  6

1

2

**III.     SETTLEMENT TERMS AND PROVISIONS FOR CLASS NOTICE TO BE SENT TO INSTALLERS**

The Settlement Class consists of: All persons and installation companies that performed installation services for Defendant in the State of California at any time from June 15, 2008 to the date of preliminary approval of the settlement, pursuant to a General Contractor Agreement or Contract For Installation Services.  This class definition includes Type 1 ("Legacy") installers, General Contractor installers, their W-2 employees, and the installation companies for which they worked.  *See* Agreement at ¶ 6(a).  Persons excluded from the Settlement Class include: Any person or installation company who previously settled or released all of the claims covered by this settlement, any person or installation company who previously was paid or received awards through civil or administrative actions for all of the claims covered by this settlement, or any person or installation company that excludes him, her or itself form the Settlement Class.  Subcontractors of the installation companies that Lowe's contracted with during the Class Period and Type II installers also are not Settlement Class Members.   *See* Agreement at ¶ 6(b).

Approximately 4,029 individual installers and 949 installation companies will be eligible to receive payments or other consideration as a result of the settlement.  Under the terms of the settlement, Lowe's will make a maximum payment of $6,500,000, inclusive of fees and costs.  This maximum settlement amount equates to about $1,613.30 per Settlement Class Member.

Included in the Maximum Settlement Amount are the costs of notice and administration.  *See* Agreement at ¶ 7(a).   Notice will be provided by Rust Consulting, an experienced administrator of class action settlements.

Pursuant to the Agreement, the Settlement Class Members release all claims that were or could have been asserted in the lawsuit, including:

> the causes of action asserted in the Complaints relating to the alleged misclassification of installers such as the alleged failure to pay overtime compensation, failure to pay minimum wage, failure to pay vacation, holiday or sick pay, failure to provide insurance of any kind, failure to keep accurate records, failure to provide accurate wage statements, late payment of wages during or

upon termination of employment, failure to reimburse expenses, and waiting time penalties.

Agreement at ¶ 19(a). As is common in class action settlements, the Settlement releases the Defendant and its affiliated entities. *Id.*

Additionally, Defendant releases "any claims it has or may have had against the Installation Company Settlement Class Members who have not submitted a valid Request for Exclusion form" including "all claims for breach of contract and indemnification that Defendant has or may had had against the Installation Company Settlement Class Members based on the allegations in the Lawsuit." Agreement at ¶ 19(b). Thus, the installation companies receive consideration for the release of claims.

## IV. THE SETLEMENT WARRANTS PRELIMINARY APPROVAL UNDER RULE 23(e) AND IS SUPPORTED BY CASE LAW IN THE NINTH CIRCUIT AND THE NORTHERN DISTRICT OF CALIFORNIA

### A. Legal Standard

Federal Rule of Civil Procedure 23(e) requires judicial approval for any compromise or settlement of class action claims. In considering approval of a class-action settlement, the Court must take three steps: (i) the Court must preliminarily approve the proposed settlement; (ii) Class Members must be given notice of the settlement; and (iii) a final hearing must be held, after which the Court must decide whether the proposed settlement is fair, reasonable and adequate. *See* Manual For Complex Litigation (Fourth) § 21.632, at 320-21 (4th ed. 2004). Approval of a proposed class action settlement is a matter within the sound discretion of the district court. *Villegas v. J.P. Morgan Chase & Co.*, CV 09-00261, 2012 U.S. Dist. LEXIS 166704, *13 (N.D. Cal. Nov. 20, 2012) (citing *Officers for Justice v. Civil Serv. Comm'n of the City of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982)). The Ninth Circuit employs a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *Linney v. Cellular Alaska P'Ship*, 151 F.3d 1234, 1238 (9th Cir. 1998) (quoting *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992)).

At the preliminary approval stage, the Court is not required to answer the ultimate question of whether the proposed settlement is fair, reasonable and adequate.  Rather, that decision is made only at the final approval stage, after notice of the settlement has been given to class members and they have had an opportunity to evaluate the settlement.  *See* 5 James Wm. Moore, Moore's Federal Practice s. 23.83(1), at 23-336.2 to 23-339 (3d ed. 2002); *see also, Villegas*, 2012 U.S. Dist. LEXIS 166704, *14 (noting that "a full fairness analysis is unnecessary" at the preliminary approval stage).  Preliminary approval is merely the prerequisite to giving notice so that members of the class have "a full and fair opportunity to consider the proposed [settlement] and develop a response."  *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983).

To grant preliminary approval of this proposed settlement, this Court need only find that it falls "within the range reasonableness."  *In Re: High-Tech Employee Antitrust Litig.*, No. 11-CV-2509, 2013 U.S. Dist. LEXIS 180530, *6 (N.D. Cal. Oct. 30, 2013) (citing *Newberg on Class Actions* s 11.25, at 11-91 (4th ed. 2002)).  Preliminary approval is appropriate if: (1) the proposed settlement appears to be the product of serious, informed, noncollusive negotiations, (2) has no obvious deficiencies, (3) does not improperly grant preferential treatment to class representatives or segments of the class, and (4) falls within the range of possible approval.  *Villegas*, 2012 U.S. Dist. LEXIS 166704, *14-15 (citing *In re Tableware Antitrust Litig.*, 484 F.Supp.2d 1078, 1079 (N.D. Cal. 2007)).

Plaintiffs respectfully request the Court take the first step in the settlement approval process by granting preliminary approval of the proposed settlement so that notice of the settlement can be given to the Settlement Class.  As summarized below, and as will be detailed further in a subsequent motion for final approval of the settlement, a preview of the factors considered by district courts in granting final approval of class action settlements demonstrates that preliminary approval should be granted.

In order to determine whether a settlement is fair, adequate, and reasonable at the final approval stage, "a district court must consider a number of factors, including: the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of

maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the state of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003) (internal citation and quotation marks omitted).

### B.   The Settlement Class Should Be Certified

Rule 23 provides that certification of a class is appropriate where, as here, Plaintiffs satisfy the four prerequisites of Rule 23(a), and one of the three criteria set forth in Rule 23(b). Rule 23(a) provides that a class may be certified if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(b)(3) provides that "an action may be maintained as a class action" if:

> the Court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

However, Rule 23(b)(3)'s manageability requirement need not be satisfied in order to certify a class in the settlement context. *See Amchem Products v. Windsor*, 521 U.S. 591, 620 (1997) ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, …for the proposal is that there be no trial.").

As detailed herein, Plaintiffs submit that the proposed Settlement Class clearly meets the requirements of Rule 23 for purposes of settling this litigation: (1) the Settlement Class is sufficiently numerous to satisfy the requirements of Rule 23; (2) questions of law and fact are common to the class; (3) Plaintiffs' claims are typical of the claims of Settlement Class members; (4) Shephard, MGDI and their counsel will adequately represent the interests of the

**PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**                                          10

Settlement Class; and (5) the Settlement Class meets the predominance and superiority requirements of Rule 23(b)(3).

### 1. The Settlement Class Meets the Requirements of Rule 23(a)

#### i.   Numerosity

The Settlement Class is sufficiently numerous to satisfy the requirements of Rule 23(a). While courts have not adopted a precise number that satisfies the numerosity requirement, generally speaking, "classes numbering more than 41 individuals satisfy the numerosity requirement." *Nat'l Fed' of the Blind v. Target Corp.*, 582 F.Supp.2d 1185, 1189 (N.D. Cal. 2007) (citing 5 James Wm. Moore et al., *Moore's Federal Practice s* 23.22[1][b] (3d ed. 2004)). Here, there are more than 5,000 Settlement Class Members, including individual installers and installation companies, making joinder of all members of the Settlement Class impracticable. Accordingly, the numerosity requirement is satisfied.

#### ii.   Commonality

Plaintiffs submit that questions of law and fact are common to the Settlement Class. "The commonality requirement serves chiefly two purposes: (1) ensuring that absentee members are fairly and adequately represented; and (2) ensuring practical and efficient case management." *Rodriguez v. Hayes*, 591 F.3d 1105, 1122 (9th Cir. 2010) (internal quotation omitted).  Under Rule 23(a)(2), commonality is present if "there are questions of law or fact common to the class."  That is, class members' claims "must depend upon a common contention" and must be capable of class wide resolution.  *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). The facts underlying all class members' claims need not be identical "so long as there are common factual or legal questions." *Lopez v. G.A.T. Airline Ground Support, Inc.*, No. 09-cv-2268, 2010 U.S. Dist. LEXIS 95636, *12 (S.D. Cal. Sept. 13, 2010); *see also, Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998) ("The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class.").

Other courts in this circuit have found that "whether workers are properly classified as employees or independent contractors is, by itself, a factual and legal issue that satisfies Rule 23(a)." *Norris-Wilson v. Delta-T Group, Inc.*, 270 F.R.D. 596, 604 (S.D. Cal. 2010); *see also Soto v. Diakon Logisitics, Inc.*, No. 08-cv-33, 2010 U.S. Dist. LEXIS 89330, *2 (S.D. Cal. Aug. 30, 2010).   While Lowe's disputes whether commonality exists, Plaintiffs submit that this Court's previously finding – that "the primary legal issue – Lowe's right to control the installers – as well as many of the secondary indicia of classification of the employment relationship – will involve common inquiries" – is applicable here.  (Dkt. 61 at 9.)  The legal issue common to all Settlement Class Members is whether installers were misclassified by Lowe's as independent contractors rather than as employees in contravention of California law.   All installation companies signed substantially identical contracts and received substantially identical installer standards, and the individual installers performed installation services pursuant to those contracts and standards.   The installation contracts and standards provided the foundation for the relationship between Lowe's and the Settlement Class Members and are common across the Settlement Class.   Thus, Plaintiffs respectfully submit that the Settlement Class meets the commonality requirement.

iii.   <u>Typicality</u>

Plaintiffs contend that his claims are typical of those of the Settlement Class Members. Rule 23(a) requires that "the claims…of the representative parties [be] typical of the claims…of the class."  The typicality inquiry centers on: "whether other [class] members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 507 (9th Cir. 1992) (quoting *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985)).

Here, Shephard and MGDI believe their claims are typical of those of other Settlement Class Members.   The operative documents, the contracts and standards, are substantially identical across the Settlement Class.   Moreover, Plaintiffs submit that all Settlement Class

Members were harmed by Lowe's conduct – namely, its uniform policy of improperly classifying all Type 1 and General Contractor installers as independent contractors rather than as employees. The misclassification of the individual installers harmed both the individual installers and the installation companies that employed them and dispatched them to Lowe's installation jobs. Thus, all Settlement Class Members' damages arise out of the same wrongful course of conduct and Plaintiffs' claims are typical of those of the Settlement Class.

iv.   <u>Adequacy</u>

Plaintiffs' and their counsel will fairly and adequately represent the Settlement Class. To satisfy Rule 23(a)(4), the class representatives must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In determining adequacy, courts examine (1) whether there are conflicts within the class, and (2) whether the named plaintiffs and their counsel will vigorously prosecute the action on behalf of the class. *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1030 (9th Cir. 2012) (quoting *Hanon*, 976 F.2d at 508). While Lowe's disputed this point, Plaintiffs submit that there are no conflicts between Plaintiffs and other members of the Settlement Class. Lowe's conduct is alleged to have injured Shephard, MGDI and all other members of the Settlement Class in the same manner. Further, Plaintiffs have retained highly capable and experienced counsel with experience litigating class action lawsuits. Plaintiffs' counsel have vigorously litigated this case, including in negotiating this Settlement, and will continue to do so throughout its pendency. Accordingly, the requirements of Rule 23(a)(4) are satisfied.

2.   **The Settlement Class Meets the Requirements of Rule 23(b)**

Once the Court determines that the Settlement Class satisfies the requirements of Rule 23(a), the Court should certify the class under Fed. R. Civ. P. 23(b)(3) if "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." The Rule 23(b)(3) "predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997). Class treatment

is warranted where common questions predominate over individual ones and resolution could be achieved for all members of the class in a single adjudication. *Hanlon*, 150 F.3d at 1022.

Here, Plaintiffs submit that common questions of law and fact predominate over individual issues. The Settlement Class consists of approximately 5,000 individuals and installation companies which Plaintiffs allege were subject to uniform conduct by Lowe's - namely, misclassification of installers as independent contractors. Moreover, many courts, including this Court, have found that the common legal question of whether Lowe's misclassified installers as independent contractors rather than as employees is susceptible to common proof. (Dkt. 61 at 9); *see also Norris-Wilson*, 270 F.R.D. at 607-608; *Sibert v. TV Magic, Inc.*, No. 12-cv-03404-DDP, 2012 U.S. Dist. LEXIS 118245 (C.D. Cal. Aug. 21, 2012); *Dalton v. Lee Publ'ns*, 270 F.R.D. 555 (S.D. Cal. 2010); *Phelps v. 3PD Inc.*, 261 F.R.D. 548 (D. Or. 2009); *Chun-Hoon v. McKee Foods Corp.*, No. C-05-620, 2006 U.S. Dist. LEXIS 82029 (N.D. Cal. Oct. 31, 2006). Thus, the Settlement Class is sufficiently cohesive to meet the predominance requirement.

Plaintiffs also submit that the Settlement Class also meets the superiority requirement set out in Rule 23(b)(3), which provides that certification of a case is appropriate if class treatment "is superior to other available methods for the fair and efficient adjudication of the controversy." The Court must consider four factors: (1) the interest of members of the class in individually controlling the prosecution of separate actions; (2) the extent and nature of any litigation concerning the controversy already commenced by members of the class; (3) the desirability of concentrating the litigation of the claims in a particular forum; and (4) the difficulties likely to be encountered in the management of a class action. Fed. R. Civ. P. 23(b)(3).

In Plaintiffs' view, the class action mechanism is clearly superior to other methods of adjudicating this matter. Members of the class do not have an interest in individual prosecution because individual actions "would be expensive and time-consuming and would create the danger of conflicting decisions as to persons similarly situated." *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978). Moreover, all class members have the same legal claim and no other litigation has commenced. As all installers and installation companies

**PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**                                                                14

work for Lowe's in California, it is highly desirable to concentrate this litigation in this forum. Finally, without the class mechanism, most Settlement Class Members would likely lose their means of redress.  The Parties have engaged in extensive discovery and motion practice, the cost of which would be prohibitive for most class members.  *Hanlon*, 150 F.3d at 1023 (noting that the assertion of numerous individual claims "would not only unnecessarily burden the judiciary, but would prove uneconomic for potential plaintiffs").  Accordingly, the Plaintiffs respectfully submit that the Settlement Class satisfies the requirements of Rule 23(b)(3) and requests that the Court certify it for purposes of the Settlement.

### 3. Plaintiffs' Counsel Should be Appointed As Counsel for the Settlement Class

Fed. R. Civ. P. 23(c)(1)(B) states that "[a]n order certifying a class action...must appoint class counsel under Rule 23(g)."  In appointing class counsel, Rule 23(g)(1)(C) requires the court to consider: "(1) the work counsel has done in identifying or investigating potential claims in the action, (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, (3) counsel's knowledge of the applicable law, (4) the resources counsel will commit to representing the class."

The law firms of Block & Leviton LLP and Cotchett, Pitre & McCarthy, LLP seek to be appointed as counsel for the Settlement Class.  Attached as Exhibits 2 and 3 to the declarations of Matthew K. Edling are the resumes of each counsel. The firms have and will continue to vigorously prosecute this action and to devote all necessary resources to obtain the best possible result.  The work done to date supports the conclusion that they should be appointed as Class Counsel for purposes of the settlement.   The firms meet the criteria of Rule 23(g)(1)(C)(i). Moreover, the firms were previously appointed as Class Counsel for the Class certified by this Court in this action on August 19, 2013 and have vigorously litigated and negotiated on behalf of the Class since the inception of this action.

**PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**                                                                15

C.      **The Proposed Settlement Meets The Rule 23 Standards for the Purpose of Granting Preliminary Approval**

1.      **The Strength of Plaintiffs' Case and the Amount Offered in Settlement**

Plaintiffs believe that their claims are meritorious and that, at trial, they could prove that Lowe's misclassified Shephard and all other installers because Lowe's had the right to control the performance of the installers' work and other secondary indicia of an employment relationship are present.   Moreover, this conduct harmed MGDI and all other installation companies.   After conducting extensive written discovery and reviewing thousands of pages of documents, Plaintiffs continue to believe that his claims are meritorious.

Plaintiffs believe that, had this case proceeded to trial, a reasonable jury could find that, pursuant to the operative contracts and installation standards, Lowe's had the right to control and exercised control over the Settlement Class Members' performance of installation services. Moreover, Plaintiffs believe that a reasonable jury could find that additional indicia of an employment relationship are present in this case, including that: Lowe's had the right to terminate the installer at will and without cause, installations are a regular part of Lowe's business, and Lowe's supplied many of the materials and the place of work.

However, despite Plaintiffs' confidence in the merits of their claims, they recognize that an outcome in their favor is far from a certainty.   As further detailed below, Plaintiffs recognize that Lowe's would assert strong factual and legal defenses to the claims alleged herein and that Plaintiffs and the Class prevailing in this action was far from certain.   Lowe's strongly disputed that it controlled, or had the right to control, any of the installers.   Lowe's asserted that each installation company operated their own separate business, hired their own employees, paid their employees wages and benefits and made all decisions relating to employment matters and issues relating their employees so they could not possibly be deemed employees of Lowe's.   Lowe's also intended to move to decertify the class, presenting a potential risk to achieving a class-wide recovery.   Therefore, Plaintiffs submit that the proposed settlement is in the best interests of the Settlement Class Members because it provides it provides a certain, favorable outcome.

LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

The proposed settlement makes a substantial, certain economic benefit available to the Settlement Class Members – the maximum settlement amount equates to $1,613.30 per individual before fees and costs.  The settlement occurred only after extensive negotiations and mediation with an experienced mediator, Steven J. Rottman. Moreover, though Plaintiffs submit that the amount of the settlement is fair and adequate, any "issues concerning the amount of the settlement are better resolved at the final approval hearing." *Villegas*, 2012 U.S. Dist. LEXIS 166704, *16-17 (citing *Harris v. Vector Marketing Corp.*, No. C-08-5198, 2011 U.S. Dist. LEXIS 48878, * 14 (N.D. Cal. April 29, 2011)).  Plaintiffs respectfully submit that the proposed settlement provides meaningful relief to all Settlement Class Members that is directly tailored to the claims raised in Plaintiffs' Complaint.

Attorneys' fees and expenses will be paid out of the Maximum Settlement Amount, and will not exceed 25% and $25,000, respectively.  These figures are reasonable given the considerable effort Plaintiffs' counsel made in prosecuting this litigation.  The Class Action Fairness Act provides for two distinct methods of calculating attorneys' fees:  the percentage of the fund method, or the lodestar method.  *In Re: HP Inkjet Printer Litig.*, 716 F.3d 1173, 1183-84 (2013).  When determining a reasonable fee upon the settlement of a class action, the lodestar figure is "presumptively reasonable." *Cunningham v. Cnty. of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1994); *see also Harris v. Marhoefer*, 24 F.3d 16, 18 (9th Cir. 1994) (the lodestar "presumptively provides an accurate measure of reasonable fees").  Plaintiffs' counsel shall provide the Court with both methods of calculation, but in no event shall Plaintiffs' fee request seek more than 25% of the Maximum Settlement Amount.[1]  Furthermore, the proposed attorneys' fee does not rival or exceed the relief to be paid to the class members.  Finally, should the Court exercise its discretion to reduce the agreed upon attorneys' fees, the difference between

---

[1] Fees of 25% are regularly approved in the Ninth Circuit.  *Staton*, 327 F.3d at 967 (citing *Hanlon*, 150 F.3d at 1029 ("This circuit has established 25% of the common fund as a benchmark award for attorneys fees."); *Torrisi v. Tucscon Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993) (same); *Villegas*, 2012 U.S. Dist. LEXIS 166704, *18-19 (noting that an attorneys' fee totaling 25% of the settlement was presumptively reasonable).

the proposed fee and the approved fee will be distributed to Settlement Class Members. Agreement at ¶ 7(b).

Accordingly, the benefit obtained is within the range of reasonableness, especially given the Parties' beliefs about the strength of their respective claims and defenses.

### 2.    The Risk, Expense, Complexity, and Likely Duration of Further Litigation

This factor weighs heavily in favor of preliminary approval of the settlement.  The risk, expense and complexity of further litigation are substantial.   The claims alleged by the Settlement Class involve complex legal and factual issues.  If the action were to proceed, Lowe's has indicated that it will file a motion to decertify the class.  (Dkt. 67 (scheduling a hearing date for Defendant's Motion to De-Certify Class).)   Thus, the issue of class certification was, and continues to be, hotly contested.   Lowe's may draw support from a recent District of Massachusetts decision denying class certification in a similar action brought under Massachusetts law,  *see Magalhaes v. Lowe's Home Centers, Inc.*, No. 2013-10666-DJC (March 10, 2014), and a recent Southern of District of Florida decision, also denying class certification in a similar action brought under Florida law, *Carroll v. Lowe's Home Centers, Inc.,* No. 12-23996-CIV-GOLD (May 6, 2014)  While Plaintiffs believe the *Magalhaes* and *Carroll* decisions are inapplicable, they potentially present an obstacle to defeating Lowe's motion to decertify. Thus, there is a risk that the case may not maintain its class action status throughout the remainder of the litigation.

Lowe's has further indicated that it would move for summary judgment as to those installers classified as W-2 employees of installation companies.   While Plaintiffs strongly dispute the merits of such a motion, Lowe's prevailed on a similar motion in *D'Italia v. Lowe's Home Centers Inc.*, 2011-4758-BLS2, a related action pending in Massachusetts Superior Court. If Lowe's prevailed on such a motion here, roughly 75% of the class members would be dismissed from the case.   Thus, if this action were to proceed, Plaintiffs would have to defeat motions to decertify the class and for summary judgment.  Even assuming that Plaintiffs were to defeat these motions, a favorable outcome at trial is not guaranteed as Lowe's has vehemently

**PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

denied Plaintiffs' allegations, has asserted numerous affirmative defenses and contemplates a different theory on damages which, if correct, would result in a much smaller recovery than Plaintiffs anticipate.

Furthermore, Lowe's has filed a Third-Party Complaint for indemnification and breach of contract against MGDI. Were the litigation to proceed, Plaintiffs would move to dismiss Lowe's Third-Party Complaint, as Plaintiffs believe that Lowe's is neither entitled to indemnification under the terms of the contracts with the installation companies nor entitled to indemnification under applicable law. However, the Third-Party Complaint against MGDI presents a risk of substantial monetary detriment for the installation companies within the Settlement Class. While Shephard and MGDI believe that the Third-Party Complaint would be dismissed were a motion to dismiss briefed, the risk of continued litigation is high. Moreover, litigating the third-party claims would likely prolong this action and delay or preclude recovery for the individual class members.

In addition to briefing a Motion to Dismiss and Motions for Decertification and Summary Judgment, the Parties anticipated motion practice on additional matters, including discovery disputes. Moreover, as this action has been vigorously litigated by both parties, it is likely that the result of any trial would be appealed, thus further delaying payment to the class members.

While Shephard alleges that he and all other installers were misclassified by Lowe's as independent contractors, Lowe's has countered that it properly classified all installers or did not classify them at all, thus resulting in no violation of law. Shephard considered the range of these legal and factual issues when deciding to enter into this proposed settlement and respectfully submits that the proposed settlement is fair and reasonable as it guarantees a meaningful recovery for the Settlement Class Members, protects the interests of both the individual installers and installation companies and obviates the need for additional lengthy, complex, and uncertain litigation against Lowe's. *See In Re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (noting that fairness and adequacy should be evaluated in light of the difficulties in proving the case; *Villegas*, 2013 U.S. Dist. LEXIS 166704, at *16 (noting that the "fairness and the adequacy of the settlement should be assessed relative to risks of pursuing litigation").

### 3.   The Extent of Discovery Completed and the Stage of Proceedings

This case has been pending before this Court for more than eighteen months.  During that time, the Parties have engaged in extensive discovery, including multiple sets of documents requests and interrogatories and the production and review of thousands of pages of documents. Though the Parties were able to resolve most significant discovery disputes through meet and confer conferences, Plaintiffs anticipate that discovery-related motions would be filed with the Magistrate if the litigation were to proceed.  <u>First</u>, Plaintiffs anticipated filing a motion to compel on a number of discovery requests objected to by Lowe's, and taking at least one additional deposition.  <u>Second</u>, Lowe's indicated it would seek discovery from absent class members and the Parties could not come to an agreement as to whether Lowe's was entitled to take such discovery of absent class members.  Accordingly, the Parties anticipate that issue would be briefed if the litigation continued.  <u>Third</u>, the parties would need to engage in expert discovery if the litigation continued over the hotly disputed damages issues.

### 4.   The Settlement Was the Result of Arms' Length Negotiations

Courts presume that a proposed settlement is fair and reasonable when it is the result of arm's-length negotiations between well-informed counsel who support the settlement and had the assistance of a trained and respected mediator.  *In re High-Tech Employees*, 2013 U.S. Dist. LEXIS 180530, at *6-7 (citing *Newberg* s 11.41) (noting that a proposed settlement is entitled to "'an initial presumption of fairness' because they are the result of arm's-length negotiations among experienced counsel").  *See In re Bluetooth*, 654 F.3d 935, 948 (9th Cir. 2011) (noting that participation of a respected mediator weighs "in favor of a finding of non-collusiveness); *Villegas*, 2012 U.S. Dist. LEXIS 166704, at *15 (noting that the engagement of a mediator "tends to support the conclusion that the settlement process was not collusive"); *Satchel v. Fed. Exp. Corp.*, No. C-03-2659, 2007 U.S. Dist. LEXIS 99066, *4 (N.D. Cal. Apr. 13, 2007) ("The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive.").  Here, the negotiations were conducted at arms-length by experienced counsel

and mediated by Steven Rottman, an experienced mediator. *See Clesceri v. Beach City Investigations & Protective Servs.*, Inc., 2011 WL 320998, *10 (C.D. Cal. Jan. 27, 2011) (finding that Mr. Rottman's assistance, as an experienced mediator, confirmed that the settlement was non-collusive).

Moreover, the Parties only engaged in settlement discussions after conducting and evaluating extensive discovery. *Villegas*, 2012 U.S. Dist. LEXIS 166704, *15-16 (noting that the plaintiff was appropriately informed in conducting settlement negotiations because it had conducted and evaluated substantial discovery). Moreover, this Court has previously certified this action as a class action, further supporting that the Court should presume that the proposed settlement is fair. (Dkt. 61.). *Cf. Staton*, 327 F.3d at 952-953 (noting that a court must pay heightened attention to settlements that occur before a class has been certified). The proposed settlement was achieved through arm's-length negotiation and constitutes a fair and reasonable result for the Settlement Class.

### 5. The Settlement Administration Process Here is Fair and Reasonable

The settlement administration process here is fair and reasonable because the proposed settlement provides for a simple and straightforward process. Each class member who can be identified will receive a plain language notice which details the claims process via first class mail. The claim form will also be available on a website, in both English and Spanish. Each Settlement Class Member will be able to return his or her claim form via a pre-paid envelope provided in the Notice package. Moreover, the Administrator will send two reminder post cards and the Notice of Settlement will be posted at the Commercial Sales Desk inside each Lowe's store in California, which is the desk specifically designed to service professional contractors, including installers, within a Lowe's store. Finally, the proposed settlement provides Settlement Class Members with the ability to cure a defective claim form. Agreement at Section 9. In sum, the Parties have agreed to give the best notice practicable and to make the claims process simple, accessible and straightforward. Accordingly, Plaintiffs respectfully submit that the proposed process is fair and reasonable and will result in a high rate of Settlement Class Member participation.

### D.   The Notice is Sufficient to Satisfy Rule 23 and Due Process Requirements

Rule 23(e)(1) requires the Court to "direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise." Class members are entitled to the "best notice practicable under the circumstances" of any proposed settlement before it is finally approved by the Court. Fed. R. Civ. P. 23(c)(2)(b).  The notice must state in plain, easily understood language: (1) the nature of the action, (2) the definition of the class certified, (3) the class claims, issues or defenses, (4) that a class member may enter an appearance through counsel if the member so desires, (5) that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded, and (6) the binding effect of a class judgment on class members under Rule 23(c)(3).  *Id.* Notice to the class must be the "best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *Amchem Prods.*, 521 U.S. at 617.

Pursuant to the Agreement, the proposed Notice (attached as Exhibit A to the Settlement Agreement (Edling Decl. Exh. 1)) will be sent directly to all individuals and installation companies on the Notice List provided by Lowe's.  Lowe's will provide a Notice List to the Settlement Administrator within fourteen (14) days of this Court's entry of preliminary approval of the settlement.  If approved, the Settlement Administrator will mail the proposed notice via first class mail to each Settlement Class Member on the Notice List within thirty (30) calendar days of preliminary approval.  In order to ensure that as many Settlement Class Members as possible receive the notice, the Administrator will perform a National Change of Address Search before mailing the Notice and will perform one skip trace as to any Notices or other documents that are returned by the post office.  Agreement at ¶ 9(c).  Furthermore, the Notice will be posted on an internet website created for Settlement Class Members and displayed at the Commercial Sales Desk at every Lowe's store in California within three (3) business days of the mailing of Notice to the Settlement Class.  The Notice and all applicable forms will also be available in Spanish.  Agreement at ¶ 9(a)(6).

The Notice informs Settlement Class Members about the nature of the action, the definition of the Settlement Class, the claims, issues and defenses in this lawsuit, information about entering an appearance in the litigation if the Settlement Class Member so desires, information about how a Settlement Class Member can opt out or exclude himself, information about the objection process, and that the judgment will be binding on all Settlement Class Members who do not opt out.  Agreement at ¶ 9(a), (b).  This satisfies Rule 23.

## V.    PROPOSED SCHEDULE

| | |
|---|---|
| **Lowe's to provide Notice list to Class Administrator** | **July 11, 2014** |
| **Class Administrator to mail Notice to Settlement Class Members** | **August 1, 2014** |
| **Lowe's to display Notice at the Commercial Sales Desk at every Lowe's store in California** | **August 5, 2014** |
| **Deadline for Settlement Class Members to Exclude Themselves** | **October 1, 2014** |
| **Deadline for Submission of a Corrected Claim Form** | **November 1, 2014** |
| **Deadline to File Final Motion for Final Approval** | **November 9, 2014** |
| **Deadline to File Motion for Attorneys' Fees, Reimbursement of Expenses and Incentive Award Application** | **November 9, 2014** |

**PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

**Deadline For Class Members to File**           **December 9, 2014**
**Opposition to Approval of Settlement,**
**Attorneys' Fee Award, Reimbursement of**
**Expenses and Incentive Award Application**

**Report by Claims Administrator**               **December 9, 2014**

**Final Approval Hearing**                        **January 9, 2014 (or on the first date**
                                                  **thereafter available for the Court)**

## VI.  CONCLUSION

For the foregoing reasons, the Court should grant preliminary approval, approve the form of proposed Notice, certify the Settlement Class for settlement purposes, appoint Ronald Shephard and Merrill's Garage Doors, Inc. as Class Representatives of the Settlement Class, appoint Block & Leviton LLP and Cotchett, Pitre & McCarthy, LLP as counsel for the Settlement Class, and set a schedule for the Final Approval Hearing.

Dated: May 23, 2014                               Respectfully submitted by:

COTCHETT, PITRE & McCARTHY, LLP                   BLOCK & LEVITON LLP

*/s/ Matthew K. Edling*                           */s/ Jeffrey C. Block*
MATTHEW K. EDLING (#250940)                       JEFFREY C. BLOCK (*pro hac vice*)
medling@cpmlegal.com                              jeff@blockesq.com
JENNIFER R. CRUTCHFIELD (#275343)                 ERICA G. SORG (*pro hac vice*)
jcrutchfield@cpmlegal.com                         erica@blockesq.com
840 Malcolm Road, Suite 200                       155 Federal Street, Suite 1303
Burlingame, CA 94010                              Boston, MA 02110
Telephone: (650) 697-6000                         Phone: (617) 398-5600
Fax: (650) 697-0577                               Fax: (617) 507-6020

*Attorneys for Plaintiffs Ronald Shephard*
*Merrill's Garage Doors, Inc. and the Class*

**PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS**          24
**ACTION SETTLEMENT**