**Hunton & Williams LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071-2627**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| RONALD SHEPHARD and HENRY ROMINES, on behalf of themselves and all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>LOWE'S HIW, INC., and DOES 1 through 50,<br><br>Defendants | Case No.: 12-CV-03893-JSW<br><br>**CLASS ACTION**<br>AMENDED<br>**[PROPOSED] ORDER FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, SETTING OF A FAIRNESS DETERMINATION HEARING AND APPROVAL OF NOTICE TO CLASS** |
| LOWE'S HIW, INC.,<br><br>Third-Party Plaintiff<br><br>vs.<br><br>MERRILL'S GARAGE DOORS, INC., a California corporation,<br><br>Third-Party Defendant. | |

The Court, having reviewed Plaintiffs' Notice of Motion and Motion for Preliminary Approval of Class Action Settlement, the supporting Points and Authorities, the Declaration of Matthew K. Edling, the parties' Class Action Settlement Agreement ("Settlement Agreement"), the Notice of Class Action Settlement ("Notice"), the Claim Form, and the Request for Exclusion Form ("Exclusion Form"), and in recognition of the Court's duty to make a preliminary determination as to the reasonableness of any proposed class action settlement, and if preliminarily determined to be reasonable, to ensure proper notice is provided to Settlement Class Members in accordance with due process requirements; and to conduct a Final Approval Hearing as to the good faith, fairness, adequacy and reasonableness of any proposed settlement, THE COURT HEREBY MAKES THE FOLLOWING DETERMINATIONS AND ORDERS:

1. The Court finds, on a preliminary basis, that the Settlement Agreement, incorporated in full by this reference and made a part of this Order of Preliminary Approval, appears to be for an amount that is within the range of reasonableness of a settlement which ultimately could be given final approval by this Court; the Court notes that Defendant Lowe's HIW, Inc. (now known as Lowe's Home Centers, LLC) ("Defendant") has agreed to pay up to the Maximum Settlement Amount of Six Million Five Hundred Thousand Dollars and No Cents ($6,500,000.00) to the Settlement Class, the Settlement Class Representatives, Settlement Class Counsel, the Claims Administrator, and the California Labor & Workforce Development Agency, in full satisfaction of the claims as more specifically described in the Settlement Agreement. In addition, the Court notes that the Settlement Agreement provides that Defendant has agreed to release all claims for breach of contract and indemnification that Defendant has or may have had against the Installation Company Settlement Class Members (as defined in the Settlement Agreement) based on the allegations in the Lawsuit.

2. It further appears to the Court, on a preliminary basis, that the proposed settlement is fair and reasonable to the Settlement Class when balanced against the probable outcome of further litigation relating to class decertification, liability and damages issues, and potential appeals of

rulings. It also appears that settlement at this time will avoid substantial costs, delay and risks that would be presented by the further prosecution of the litigation.

3. It further appears to the Court that significant formal and informal discovery, investigation, research, and litigation has been conducted such that counsel for the parties at this time are able to evaluate their respective positions reasonably. It also appears that the proposed settlement has been reached as the result of intensive, informed and non-collusive negotiations between the parties.

4. It further appears to the Court, on a preliminary basis and for purposes of settlement only, that the prerequisites for a class action under Rule 23 of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of members of the Settlement Class is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the common questions of law and fact predominate over questions affecting only individual members of the Settlement Class; (d) Plaintiffs' claims are typical of the claims of the Settlement Class; (e) Plaintiffs will fairly and adequately protect the interests of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient resolution of the action.

ACCORDINGLY, GOOD CAUSE APPEARING, THE MOTION FOR ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT IS HEREBY GRANTED; AND THE COURT HEREBY TEMPORARILY AND CONDITIONALLY CERTIFIES THE CLASS FOR SETTLEMENT PURPOSES ONLY, PURSUANT TO THE TERMS AND CONDITIONS CONTAINED IN THE SETTLEMENT AGREEMENT.

5. The Court finds, on a preliminary basis, that Plaintiff Shephard, Plaintiff Merrill's Garage Doors, Inc. ("MGDI"), and Plaintiffs' attorneys have fairly represented and protected the interests of the Settlement Class.

6. It further appears to the Court that Rust Consulting, Inc. is qualified to serve as the settlement and claims administrator for purposes of this settlement.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

ACCORDINGLY, GOOD CAUSE APPEARING, IT IS HEREBY ORDERED AS FOLLOWS:

(a) For purposes of the settlement of this action only, the Court hereby conditionally certifies the following Settlement Class:

> All persons and installation companies that performed installation services for Defendant in the State of California at any time from June 15, 2008 to the date of preliminary approval of the settlement, pursuant to a General Contractor Agreement or Contract For Installation Services. This class definition includes Type I ("Legacy") installers, General Contractor installers, their W-2 employees, and the installation companies for which they worked.

(b) The Court has already found Plaintiff Ronald Shephard as an adequate representative of the Class and for purposes of the settlement of this action only, appoints MGDI, as representative of Installation Company Class Members, (the "Settlement Class Representatives");

(c) For purposes of the settlement of this action only, the Court hereby appoints the following attorneys as counsel for the Settlement Class ("Settlement Class Counsel"):

> Jeffrey C. Block, Esq.
> Erica G. Sorg, Esq.
> BLOCK & LEVITON LLP
> 155 Federal Street, Suite 400
> Boston, MA 02110

> Matthew K. Edling, Esq.
> Jennifer R. Crutchfield, Esq.
> COTCHETT, PITRE, & MCCARTHY, LLP
> 840 Malcolm Road, Suite 200
> Burlingame, CA 94010

(d) The Court hereby appoints Rust Consulting, Inc. as the settlement and claims administrator for purposes of this settlement (the "Claims Administrator").

7. The Court finds that the Notice, Claim Form, and Exclusion Form advise of the pendency of the Class Action and of the proposed settlement, of preliminary Court approval of the proposed settlement, claim submission timing and procedures, opt-out timing and procedures, objection timing and procedures, and of the Final Approval Hearing. These documents fairly and adequately advise Settlement Class Members of the terms of the proposed settlement and the benefits available to Settlement Class Members thereunder, as well as their right to opt-out and procedures for doing so, and of the right of Settlement Class Members to file documentation in support of or in opposition to the proposed settlement, and their right to appear at the Final Approval Hearing; the Court further finds that the Notice clearly comports with all constitutional requirements, including those of due process.

ACCORDINGLY, GOOD CAUSE APPEARING, THE COURT HEREBY APPROVES THE PROPOSED NOTICE, THE PROPOSED CLAIM FORM AND THE EXCLUSION FORM.

8. The mailing to the present and/or last known addresses of the Settlement Class Members who can reasonably be identified, and posting notice for publication at the Commercial Sales Desk inside each of Defendant's stores in the state of California within three (3) business days of the mailing of Notice to the Settlement Class and leaving it in such location until the Submission Date, constitute an effective method of notifying Settlement Class Members of their rights with respect to the Class Action and settlement.

ACCORDINGLY, GOOD CAUSE APPEARING, IT IS HEREBY ORDERED AS FOLLOWS:

    (a) On or before 30 days after entry of Preliminary Approval, the Claims Administrator shall mail the Notice, Claim Form (if applicable), and Exclusion Form to each member of the Settlement Class; and

    (b) All mailings shall be made to the present and/or last known mailing address of the Settlement Class Members based on Defendant's records, as well as addresses that may be located by the Claims Administrator, who will conduct standard address searches in cases of returned mail. The Court finds that the mailing of notices to Settlement Class Members as set forth

in this paragraph along with notice by publication as described above are the best means practicable by which to reach Settlement Class Members and are reasonable and adequate pursuant to all constitutional and statutory requirements including all due process requirements.

9. IT IS FURTHER ORDERED that to be considered valid and timely any:

(a) Claim Forms or Request for Exclusion Forms must be mailed to the Claims Administrator and postmarked within the longer of: (i) 60 days after mailing of the Class Notice to members of the Settlement Class (including for those who receive notice by publication as described herein); or (ii) for Settlement Class Members who are re-mailed Notice by the Claims Administrator, 30 days from the date the Class Notice is re-mailed to that Class Member at an updated address pursuant to a skip trace; and

(b) Objections, both as to the Settlement and Settlement Class Counsel's attorneys' fee request, must be filed with the Court and served on Settlement Class Counsel and on counsel for Defendant within thirty (30) days of the Final Approval Hearing date set forth in paragraph 15 below. To ensure adequate time for the Settlement Class to object to such fee request, Settlement Class Counsel shall file their fee request at least sixty (60) days before the Final Approval Hearing.

10. Given the Court's preliminary approval of the Settlement at this time, IT IS FURTHER ORDERED THAT Defendant shall, if it has not already done so, provide notice of this Class Action Settlement to the Attorney General of the United States, the California Attorney General, and any other state attorney general where Settlement Class Members reside within 10 days of the date of this Order in accordance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

11. IT IS FURTHER ORDERED that the Final Approval Hearing shall be held before the undersigned on January 9, 2015, ~~2014~~ at 9:00 a.m. at the above-entitled court, located at ~~450~~ 1301 Clay Street, Oakland, CA 94612 ~~Golden Gate Avenue, San Francisco, California 94102~~, to consider the fairness, adequacy and reasonableness of the proposed settlement preliminarily approved by this Order of Preliminary

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Approval, and to consider the application of Settlement Class Counsel for an award of reasonable attorneys' fees, litigation expenses, incentive awards, and for costs of claims administration incurred.

12. IT IS FURTHER ORDERED that pending final determination of whether this proposed settlement should be granted final approval, no Settlement Class Member, either directly or representatively, or in any other capacity, shall commence or prosecute any action or proceeding asserting any of the Settlement Class Members' Released Claims, as defined in the Settlement Agreement, against Defendant in any court or tribunal.

13. IT IS FURTHER ORDERED that any party to this case, including Settlement Class Members, may appear at the Final Approval Hearing in person or by counsel, and may be heard to the extent allowed by the Court, in support of or in opposition to the settlement, to inform the Court's determination of the good faith, fairness, reasonableness and adequacy of the proposed Settlement, the requested attorneys' fees and litigation expenses, and any Order of Final Approval and Judgment regarding such settlement, fees and expenses; provided, however, that no person, except Settlement Class Counsel and counsel for Defendant, shall be heard in opposition to such matters unless such person has complied with the conditions set forth in the Notice of Class Action Settlement which conditions are incorporated herein.

14. IT IS FURTHER ORDERED that if, for any reason, the Court does not execute and file an Order of Final Approval, or if the Effective Date (as defined in the Settlement Agreement) does not occur for any reason whatsoever, the proposed Settlement Agreement and all evidence and proceedings had in connection therewith, shall be without prejudice to the *status quo ante* rights of the parties to the litigation as more specifically set forth in the Settlement Agreement.

15. IT IS FURTHER ORDERED that, pending further order of this Court, all proceedings in this matter except those contemplated herein and in the Settlement Agreement are stayed.

The Court expressly reserves the right to adjourn or continue the Final Approval Hearing from time-to-time without further notice to the Settlement Class Members.

**IT IS SO ORDERED.**

Dated: June ~~25~~ 26, 2014

_____
Jeffrey S. White
UNITED STATES DISTRICT JUDGE