MATTHEW K. EDLING (#250940)
medling@cpmlegal.com
JENNIFER R. CRUTCHFIELD (#275343)
jcrutchfield@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Fax: (650) 697-0577

JEFFREY C. BLOCK (*pro hac vice*)
jeff@blockesq.com
ERICA G. SORG (*pro hac vice*)
erica@blockesq.com
**BLOCK & LEVITON LLP**
155 Federal Street, Suite 1303
Boston, Massachusetts 02110
Telephone: (617) 398-5600
Fax: (617) 507-6020

*Attorneys for Plaintiffs Ronald Shephard, Merrill's Garage Doors, Inc. and the Class*

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| RONALD SHEPHARD and MERRILL'S GARAGE DOORS, INC., on behalf of themselves and all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>LOWE'S HOME CENTERS, LLC., and DOES 1 through 50.<br><br>Defendants. | CASE NO. 12-CV-03893-JSW<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY DEMANDED** |

[CAPTION CONTINUED ON SECOND PAGE]

**SECOND AMENDED CLASS ACTION COMPLAINT**

LOWE'S HOME CENTERS, LLC,

   Third-Party Plaintiff

 vs.

MERRILL'S GARAGE DOORS, INC., a California corporation,

   Third-Party Defendant.

**SECOND AMENDED CLASS ACTION COMPLAINT**

## TABLE OF CONTENTS

Page

I.   INTRODUCTION .................................................................................................. 1

II.   THE PARTIES ..................................................................................................... 2

III.   JURISDICTION AND VENUE ............................................................................ 3

IV.   COMMON FACTUAL ALLEGATIONS ............................................................ 4

   A.  Lowe's Controls All Aspects of Installer Work ............................................. 4

   B.  Plaintiffs Are Employees of Lowe's ............................................................... 6

   C.  Benefits Offered by Lowe's To Employees But Not Offer to Plaintiffs or the Class ........ 8

V.   CLASS ACTION ALLEGATIONS ...................................................................... 9

     COUNT I ............................................................................................................. 12

     COUNT II ............................................................................................................ 12

     COUNT III .......................................................................................................... 13

     COUNT IV .......................................................................................................... 14

PRAYER FOR RELIEF ................................................................................................... 16

JURY DEMAND .............................................................................................................. 16

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

SECOND AMENDED CLASS ACTION COMPLAINT          i

Plaintiffs, Ronald Shephard ("Shephard") and Merrill's Garage Doors, Inc. ("MGDI") (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, alleged as follows:

## I. INTRODUCTION

1. Plaintiffs bring this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and all other similarly situated who suffered damages as a result of the wrongful conduct and unlawful labor practices committed by Defendant Lowe's Home Centers, LLC ("Lowe's" or the "Company") in violation of the California Labor Code and the regulations and orders implementing the Code, as more specifically alleged herein, which also constitute acts of unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL") and violations of the California Private Attorneys' General Act, Cal. Labor Code § 2698, *et seq.*

2. Plaintiff Shephard and all other installers were misclassified by Lowe's as "independent contractors" but were, in fact, employees of Lowe's in accordance with the California Labor Code § 2750.5 and § 2802. Plaintiff MGDI and all other installation companies were harmed as a result of Lowe's misclassifying the installers because they paid taxes and other expenses that should have been paid by Lowe's.

3. Lowe's is one of the nation's leading home improvement stores and operates approximately 98 stores in California. Lowe's offers its customers the opportunity to hire contractors, through Lowe's, to install products and services purchased from the Company. Plaintiff MGDI contracted with Lowe's to provide installation of garage doors and openers and Plaintiff Shephard performed these services, pursuant to the contract between Lowe's and MGDI, on Lowe's behalf. Plaintiffs' worked for the Lowe's store in Victorville, California.

4. Lowe's treated Plaintiff Shephard, and all other installers, as independent contractors. Lowe's did not provide the benefits that are offered to all Lowe's employees to the installers, failed to pay installers overtime wages, and required MGDI, and all other installation companies, to pay all tax on all income earned from Lowe's. Rather than paying the installers

directly, Lowe's paid MGDI and relied on MGDI to pay the installers and cover the attendant payroll taxes.

5. Plaintiff Shephard, and all other installers, were misclassified by Lowe's as independent contractors when they should have been classified as employees in accordance with the laws of California. Lowe's had the right to control, and in fact did control, all aspects of all installation jobs performed by Plaintiffs and all other class members by, *inter alia*: designating the customers whom Plaintiffs would perform installations for; requiring that all customers pay Lowe's directly for all work performed by Plaintiffs and then Lowe's would pay Plaintiffs; requiring Plaintiffs and any employee working with Plaintiffs to wear Lowe's shirts and hats and hold themselves out as employees of Lowe's; specifically instructing Plaintiffs and their workers to inform customers that they were employees of Lowe's; directing the work that Plaintiffs performed for customers; directing what Plaintiffs could or could not do as installers; and overseeing all work performed by Plaintiffs.

6. Lowe's controlled each installer in a manner similar to its practice with regard to Shephard and MGDI. Because the class' claims arise from practices that are common to all class members, this case is particularly well suited for class action treatment.

7. Plaintiffs seek to represent a class defined as follows:

> All persons and installation companies that performed installation services for Defendant in the State of California at any time from June 15, 2008 to the date of preliminary approval of the settlement, pursuant to a General Contractor Agreement or Contract For Installation Services. This class definition includes Type 1 ("Legacy") installers, General Contractor installers, their W-2 employees, and the installation companies for which they worked.

## II. THE PARTIES

8. Plaintiff Shephard is an individual that performed installations of garage doors and garage door openers from Lowe's from 1995 through November 2009. Shephard is licensed to work in the State of California and is also a California resident.

9. Plaintiff Merrill's Garage Doors, Inc. is a corporation that contracted with Lowe's to provide installations of garage doors and garage door openers from 1995 through November

2009. MGDI is a California corporation with its principal place of business in Victorville, California.

10. Defendant's Lowe's is a North Carolina corporation with its principal place of business in Mooresville, North Carolina. Lowe's is a wholly owned subsidiary of Lowe's Companies, Inc. Lowe's Companies, Inc. purports to be the nation's second largest home improvement store and conducts its business throughout California and the United States.

11. Defendants Does 1-50 are fictitious names for individuals or entities that may be responsible for the wrongful conduct and labor practices that caused harm to the Plaintiffs and the other class members, the true names and capacities of which are unknown to Plaintiffs, but Plaintiffs will amend this Complaint when and if the true names of said Defendants become known to them.

12. Plaintiffs, upon information and belief, allege that during the Class Period, Defendants were each the agent of the other Defendants, and in performing the acts alleged in this Complaint were acting within the course and scope of that agency and any reference to "Defendant" or "Defendants" shall mean "Defendants and each of them." Defendants are individually, jointly and severally liable as the employers of the Plaintiff Shephard and each installer because each Defendant directly or indirectly, or through an agent or any other person, employed or exercised control over the installers. Defendants are individually, jointly and severally liable for the harm caused to MGDI and all installation companies as a result of Defendants' misclassification of the installers.

13. All allegations in this complaint, except as to the facts relating to Plaintiffs Shephard and MGDI that are based upon their knowledge, are based upon information and belief, or are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. Whenever allegations in this complaint are contrary or inconsistent, such allegations shall be deemed alternative.

### III. JURISDICTION AND VENUE

14. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d)(2) (the "Class Action Fairness Act").

15. This action meets the diversity requirement set out in 28 U.S.C. § 1332(d)(2)(A). Plaintiff Shephard, a natural person, is a citizen of California. Plaintiff MGDI, a corporation incorporated and with its principal place of business in California, is a citizen of California. Lowe's Home Centers, LLC, a corporation incorporated and with its principal place of business in North Carolina, is a citizen of North Carolina.

16. The damages Plaintiffs seek and, therefore, the aggregate amount in controversy, exclusive of interest and costs, exceeds $5 million. Plaintiffs and the class seek to recover, inter alia, the dollar value of: unpaid health insurance benefits; unpaid prescription drug, dental and vision care benefits; unpaid holiday, vacation and sick pay; unpaid basic term life insurance, supplemental term life insurance, dependent term life insurance, personal accident insurance, and business travel accident insurance; unpaid contributions to the stock purchase and 401(k) savings plans; FICA contributions; and attorneys' fees and costs.

17. Upon information and belief, the class is believed to exceed 4,000 installers and installation companies.

18. Venue is proper in this district pursuant to 28 U.S.C. § 1391. The harm alleged occurred within California and Lowe's transacts business within and throughout California.

## IV. COMMON FACTUAL ALLEGATIONS

### A. Lowe's Controls All Aspects of Installer Work

19. On its web site, located at www.Lowes.com, Lowe's advertises its installation services. The front page of the installation page of the web site provides "Let Us Do The Installation For You." The site continues: "You don't have to look all over town to find the right people to do your installation for you. Lowe's already has them. Our trained installers let you relax during your project and long after it's done." Clicking on the link to "Installation Team" brings up a page that says: "All installation services are guaranteed by Lowe's warranty. Professional installation available through independent contractors, licensed and registered where applicable."

20. Lowe's offers installations for several departments including appliances, kitchens, bath & plumbing, flooring, doors & windows, including garage doors, window treatments, lighting, home environment, outdoors, and insulation & exterior.

21. Plaintiffs were amongst the "independent" contractors who worked for Lowe's providing garage door installations.

22. Plaintiffs began installing garage doors for Lowe's in or about 1994 and continued to install garage doors for them until November 2009. The contract between MGDI and Lowe's indicates that all individuals working for MGDI on Lowe's jobs would be treated as independent contractors, including Plaintiff Shephard.

23. Lowe's provided MGDI with Form 1099s for all income received from Lowe's. Thus, MGDI paid all of the taxes associated with employing Shephard when Lowe's should have paid these taxes. Furthermore, Lowe's avoided the costs of insuring Shephard and other installers by requiring MGDI and other installation companies to bear those costs.

24. Shephard did not receive any of the multitude of benefits Lowe's offered to all of its other employees. Shephard and all other installers were not independent contractors but, in fact, were employees of Lowe's in accordance with California law. Shephard did not receive any of the benefits that are customarily offered to all Lowe's employees and did not receive any over-time for work of more than 40 hours per week. Furthermore, MGDI paid all employment taxes, including all employer paid Federal Insurance Contributions Act ("FICA") taxes.

25. Plaintiffs were required to attend periodic training sessions held by Lowe's and were instructed to carry and represent themselves as employees of Lowe's. Lowe's had strict guidelines that Plaintiffs followed. Among other things, like all installers, Shephard was required to always wear Lowe's shirts and hats at all work sites and display a sign that stated "Lowe's Installation." Installers who did not wear the hat, shirt, or display the Lowe's sign were subject to termination by Lowe's.

26. Customers paid Lowe's, and only Lowe's, for the work performed by Plaintiffs and all other installers. After receiving payment from the customers for completed jobs, Lowe's paid MGDI and other installation companies. Moreover, MGDI's contract with Lowe's

contained a schedule setting the amount that it would be paid for the particular service performed. All contracts between Lowe's and installation companies contained similar pricing schedules.

27. Plaintiffs were restricted from performing any additional work for a Lowe's customer unless the work was undertaken through, and approved by, Lowe's. Any referral Plaintiffs received from a Lowe's customer had to be referred back to Lowe's.

28. Further, the Lowe's Production Office managed each installation project and each installation project was required to comply with Lowe's production requirements. Lowe's scheduled all installation appointments and directed Plaintiffs as to which customers of Lowe's they were to install product for and when they were supposed to install the product. Lowe's Production Office determined how much time installers had to complete a job and Lowe's followed-up with customers to determine whether each customer was satisfied with the work performed by Plaintiffs and other installers.

29. Once the installation job commenced, Plaintiffs were required to wear a Lowe's shirt and hat and were required to put a sign in front of the house that read "Installation by Lowe's." Plaintiffs were also required to use only Lowe's materials for all installations unless Lowe's did not sell a particular product.

30. All Lowe's installers were required to follow the same rules as applied to Plaintiffs.

**B.  Plaintiffs Are Employees of Lowe's**

31. California Labor Code §2750.5 provides that, "[p]roof of independent contractor status includes satisfactory proof of these factors:

   a. That the individual has the right to control and discretion as to the manner of performance of the contract for services in that the result of the work and not the means by which it is accomplished is the primary factor bargained for.

   b. That the individual is customarily engaged in an independently established business.

   c. That the individual's independent contractor status is bona fide and not a subterfuge to avoid employment status. A bona fide independent contractor status

is further evidenced by the presence of cumulative factors such as substantial investment other than personal services in a business, holding out to be in business for oneself, bargaining for a contract to complete a specific project for compensation by project rather than by time, control over the time and place the work is performed, supplying the tools or instrumentalities used in the work other than the tools and instrumentalities normally and customarily provided by employees, hiring employees, performing work that is not ordinarily in the course of the principal's work, performing work that requires a particular skill, holding a license pursuant to the Business and Professions Code, the intent by the parties that the work relationship is of an independent contractor status, or that the relationship is not severable or terminable at will by the principal but gives rise to an action for breach of contract."

32. The determination of whether Shephard and the Class are employees versus independent contractors for purposes of §17200 of the Business and Professions code and §2802 of the California Labor Code turns on the common law definition of employee as set for in *S.G. Borello & Sons, Inc. v. Department of Industrial Relations*, 48 Cal.3d 341, 350-51, 769 P.2d 399, 256 Cal. Rptr. 543 (1989). Pursuant to the common law test, the most important factor is whether the principal, Lowe's, has the right to control the manner and means by which the workers, including Shephard, accomplish the work.

33. Lowe's had the power to exercise complete control over Plaintiffs' work installing garage doors and door openers. If Plaintiffs did not perform the installations in accordance with Lowe's standards, or how Lowe's wanted them done, Lowe's had the power and ability to terminate Plaintiffs. Lowe's employees visited installation sites to determine whether, among other things, Plaintiffs were wearing their Lowe's hats and shirts, had prominently displayed the Lowe's installation sign, and whether the installation was proceeding as planned. Lowe's contacted customers to determine whether they were satisfied with the work performed. If the work was unsatisfactory, Lowe's had the power to terminate the installer. Lowe's controlled where Plaintiffs worked and Lowe's had unfettered discretion to assign

installation work to Plaintiffs and other installers. Plaintiffs work for Lowe's for almost 14 years. MGDI and other installation companies were paid by the job at a flat rate set by Lowe's. Customers paid Lowe's and Lowe's paid Plaintiffs. Installations are part of the regular course of Lowe's business. Plaintiffs believe there was a master servant relationship between Shephard and Lowe's and believe Shephard was Lowe's employee, as Lowe's always had the right to terminate the working relationship with Plaintiffs.

34. Accordingly, Plaintiff Shephard and all other installers are employees of Lowe's.

C. **Benefits Offered by Lowe's To Employees But Not Offer to Plaintiffs or the Class**

35. According to its website, Lowe's offers employees an array of benefits that are available to employees "after 89 days of continuous employment." Lowe's offers employees "Comprehensive Health Insurance" from which and employee can pick the "Co-pay 500" or "Co-pay 750" option. Employees are also offered a Prescription Drug Benefit with $500 or $750 co-pays; a Dental Plan; and Vision Care. Shephard was never offered or provided any of these benefits.

36. According to its website, Lowe's also offers employees Basic Term Life Insurance, Supplemental Term Life Insurance, Dependent Term Life Insurance, Personal Accident Insurance and Business Travel Accident Insurance. Basic Life Insurance provides for coverage of one times base annual pay; Supplemental Term Life Insurance provides for one to eight times base annual pay; Dependent Term Life Insurance provides for the payment of expenses related to the death of a dependent; and Personal Accident Insurance offers protection against accident or death on the job for up to $1 million. Business Travel Insurance, which commences on the first day of employment, provides a life insurance benefit should death occur as a result of an accident while traveling on company business.

37. Lowe's provides employees with Basic Sick Pay, Short Term Disability Insurance and Long Term Disability Insurance. Basic Sick Pay provides for the accrual of sick days at the rate of six days, or 48 hours, per year. Unused sick days may be carried forward with no limit on days accumulated. Short Term Disability Insurance provides for short-term income protection

for absences due to non-work related illness or injury. Long Term Disability provides for disability income protection in the event of severe, lasting illness or injuries.

38. Lowe's provides employees with a Stock Purchase Plan and a 401(k) savings plan. The Stock Purchase Plan allows employees to purchase Lowe's common stock at a discounted price and employees may pay for the shares on an after-tax basis through payroll deductions. The Lowe's 401(k) plan automatically enrolls all employees at 1% of eligible compensation unless another level of participation is chosen. Lowe's matches 100% of the first 3% of employee contributions, it matches 50% of 4-5% of employee contributions and it matches 25% of 6% of employee contributions.

39. Lowe's also provides employees Dependent Care, Paid Holidays and Vacation, Health and Wellness benefits and Financial support in the form of Tuition Reimbursement, Discounted On-Line University benefits, voluntary benefits such as auto insurance, long-term care and pre-paid legal. Finally, Lowe's offers employees a Critical Illness Plan to help cover out-of-pocket expenses related to eligible illnesses and diseases; Flexible Spending Accounts; and Employee Discounts.

40. Neither Shephard nor any other installer in the class was ever offered or received any of the benefits described above.

## V. CLASS ACTION ALLEGATIONS

41. The Plaintiffs bring this action on behalf of themselves, and the other class members pursuant to Fed. R. Civ. P. 23.

42. The class consists of: All persons and installation companies that performed installation services for Defendant in the State of California at any time from June 15, 2008 to the date of preliminary approval of the settlement, pursuant to a General Contractor Agreement or Contract For Installation Services. This class definition includes Type 1 ("Legacy") installers, General Contractor installers, their W-2 employees, and the installation companies for which they worked.

43. Plaintiffs are informed and believe that there are at least 4,000 class members. Thus, joinder of all class members' claims is impractical.

44. Plaintiffs' claims are typical of the claims of the class. Plaintiffs are members of the class they seek to represent. Members of the class are ascertainable from Plaintiffs' description of the class and/or Lowe's records and the class is sufficiently numerous.

45. Plaintiffs will fairly and adequately represent the members of the class and have no interests that are antagonistic to the claims of the class. Plaintiffs' interests in this action are antagonistic to the interests of Defendants, and they will vigorously pursue the claims of the class. Plaintiffs are members of the class, are similarly situated to the other members of the class and are adequate representatives of the class.

46. The representative Plaintiffs have retained competent and experienced class action litigation counsel, who have successfully represented classes in other complex class actions.

47. Common question of law and fact impact the rights of each member of the class and a common remedy by way of permissible damages and/or injunctive relief is sought for the class.

48. There are numerous and substantial questions of law and fact common to all members of the class which will predominate over any individual issues. These common questions of law and fact include, without limitation:

   a. Whether Plaintiffs and the class are properly classified as independent contractors by Lowe's or whether they are, in fact, employees of Lowe's;

   b. Whether Lowe's violated § 2750.5 of the California Labor Code;

   c. Whether Lowe's violate § 2802 of the California Labor Code;

   d. Whether Lowe's violated § 17200 of the California Business and Professions Code;

   e. Whether Lowe's violated the Private Attorneys' General Act, Cal. Labor Code § 2698, *et seq.*;

   f. Whether Lowe's misrepresented to Plaintiffs and the class that they were independent contractors when they were, in fact, employees of Lowe's;

g. Whether Lowe's improperly failed to provide Plaintiffs and the class with benefits offered to all Lowe's employees;

h. Whether Lowe's improperly failed to pay Plaintiffs' and the class's taxes including withholding and FICA taxes; and

i. Whether Lowe's failed to pay Plaintiffs and the class overtime wages when they worked more than 40 hours per week.

49. Plaintiffs and the class members have suffered damages as a result of Defendants' wrongful conduct. Because the size of the claims of the individual class members are relatively small, few, if any, class members could afford to seek legal redress for the wrongs complained of herein.  A class action is, therefore, superior to other available methods for the fair and efficient adjudication of this controversy.  Trial of Plaintiffs' and the class members' claims is easily manageable.

50. The persons in the class are so numerous that dispositions of their claims in this case and as part of a single class action lawsuit, rather than numerous individual lawsuits, will benefit the parties and greatly reduce the aggregate judicial resources that would be spent.

51. Plaintiffs know of no difficulty that will be encountered in the management of this litigation, which would preclude its maintenance as a class action.

52. Lowe's has acted on grounds generally applicable to the entire class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the class as a whole.  Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Lowe's.

53. Without a class action, Defendant would likely retain the benefit of its wrongdoing and might continue a course of action that could result in further damages to Plaintiffs and the class.

## COUNT I

### (On behalf of Plaintiff Shephard and all other installers)

### (Violation of § 2750.5 of the California Labor Code)

54. Plaintiff Shephard re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

55. Plaintiff Shephard and all other installers are employees of Lowe's. Plaintiff did not have the right to control or the discretion to control the result of the work they performed for Lowe's. Lowe's had the power to control and direct when and where Plaintiff performed work for Lowe's and the results of the work performed. Lowe's had the same power to control, and discretion to control, the work of all installers who performed services for Lowe's. Lowe's would dispatch its own employees to oversee and/or review the work performed by Plaintiff to insure that the result of the work met with Lowe's approval.

56. The work performed by Plaintiff was directed by Lowe's. Lowe's dictated when and where the work was to be performed. The work performed by Plaintiff is within the ordinary course of business of Lowe's and Lowe's supplied the materials necessary for the Plaintiff to accomplish his work.

57. As a result, Plaintiff Shephard and all other installers are employees of Lowe's pursuant to § 2750.5 of the California Labor Code.

## COUNT II

### (On behalf of all Plaintiffs and all other installers and installation companies)

### (Violation of § 2802 of the California Labor Code)

58. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

59. Section 2802 of the California Labor Code provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties...". Lowe's failed to indemnify Plaintiffs and each member of the class the necessary expenditures to discharge their duties including the cost of maintenance, cleaning, depreciation, fuel, oil, tires, repairs, taxes, licenses,

tolls and insurance for the vehicles they used to travel to each work site to perform the installation.

60. As a result, Lowe's violated § 2802 of the California Labor Code.

## COUNT III

**(On behalf of all Plaintiffs and all other installers and installation companies)**

**(Unfair Competition in Violation of Cal. Bus. & Prof. Code 17200, et seq.)**

61. Plaintiffs re-allege and incorporate by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

62. Defendants have engaged in a pattern and practice of acts of unfair competition in violation of the UCL, including the practices alleged herein.

63. Cal. Bus. & Prof. Code § 17200 provides:
> As used in this chapter, unfair competition shall mean and include any unlawful or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with section 17500) of Part 3 of Division 7 of the Business and Professions Code.

64. Cal. Bus. & Prof. Code § 17204 provides that an action for violation of California's Unfair Competition Law may be brought by persons who have suffered injury in fact and have lost money or property as a result of such unfair competition and Cal. Bus. & Prof. Code § 17203 provides that a court may grant injunctive and equitable relief to such persons.

65. The unlawful conduct of the Defendants alleged in this First and Second Counts, are acts of unfair competition under Business & Professions Code §§ 17200, *et seq.*, for which Defendants are liable for damages and for which this court should issue equitable and injunctive relief, pursuant to Cal. Bus. & Prof. Code § 17203.

66. By its conduct, Defendants have engaged in unfair business practices in California by employing and utilizing the employment practices complained of herein. Defendants' use of such unfair business practices constitutes unfair competition that provides Defendants with an unfair advantage over Defendants' competitors.

67. Defendants' practices as described herein are unlawful, unfair and fraudulent.

68. Defendants' conduct as alleged herein is "unlawful" in that it violates the California Labor Code, as described in this Complaint. Among other things, as herein alleged, Defendants violate California law by misclassifying Plaintiffs and other as independent contractors but who were, in fact, employees of Lowe's in accordance with the California Labor Code.

69. Defendants' conduct as alleged herein is also "unfair" because, among other things, it seeks to nullify the policies underlying the California Labor Code, including the indemnification of Plaintiffs and each member of the class relating to the necessary expenditures to discharge their duties including the cost of maintenance, cleaning, depreciation, fuel, oil, tires, repairs, taxes, licenses, tolls and insurance for the vehicles they used to travel to each work site to perform the installation. Lowe's also failed to provide for the expenditures regarding workers' compensation insurance.

70. Defendants' scheme, as alleged herein, is also "fraudulent," in that it is knowingly calculated and likely to mislead. Defendants consistently administered a corporate policy of misclassification of individuals and entities, including all class members, as independent contractors who were in fact employees. This corporate policy and pattern of conduct was accomplished with the advance knowledge and designed intent by Defendant to save millions of dollars and causing damages to all class members.

71. Unless enjoined, Defendant will continue to misclassify Plaintiffs and others as independent contractors but who were, in fact, employees of Lowe's in accordance with the California Labor Code.

72. Plaintiffs have suffered injuries in fact and have lost money as a result of Defendants' conduct as more specifically alleged above.

## COUNT IV

**(On behalf of all Plaintiffs and all other installers and installation companies)**

**(Violation of the Private Attorneys' General Act, Cal. Labor Code §§ 2098 *et seq*.)**

73. Plaintiffs re-allege and incorporate by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

74. At all times herein mentioned, Defendant was subject to the Labor Code of the State of California.

75. Cal. Labor Code § 2699(a) specifically provides for a private right of action to recover penalties for violations of the Labor Code: "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current and former employees."

76. On March 26, 2014, Plaintiffs gave notice to the Labor and Workforce Development Agency regarding the claims made in this amended complaint.

77. By way of this cause of action, Plaintiffs seek penalties for themselves and for similarly aggrieved class members (i.e., installers and installation companies) under Cal. Labor Code § 2699(f) pursuant to Cal. Labor Code § 2699.3.

78. As alleged herein, Plaintiff Shephard and all other installers were misclassified by Lowe's as independent contractors when they should have been classified as employees of Lowe's. As a result of this misclassification, Shephard and other installers were deprived of, *inter alia*, benefits and overtime pay in contravention of California Law.  Furthermore, Plaintiff MGDI and all other installation companies were harmed by Lowe's practice of misclassification because the installation companies paid all costs associated with employing the installers when at least some of these costs should have been paid by Lowe's.

79. Cal. Labor Code § 2699 and § 2699.5 set forth penalties to be awarded against Defendant for violating the California Labor Code, including but not limited to Labor Code sections 201-203, 204, 226, 510, 515, 1174, 1174.5, 1194, 2750.5 & 2802.

80. Plaintiffs are entitled to an award of civil penalties as set forth in Cal. Labor Code § 2699 on behalf of themselves and similarly aggrieved class members.  The exact amount of the applicable penalties, in all, is in an amount to be proven at trial.  These penalties are in addition to all other remedies permitted by law.

81. In addition, Plaintiffs seek an award of reasonable attorney's fees and costs pursuant to Cal. Labor Code § 2699(g)(1), which states, "Any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs."

## PRAYER FOR RELIEF

1. Certification of the proposed class and notice thereto to be paid by Lowe's;
2. For damages, and all other appropriate legal and equitable relief;
3. For reasonable attorneys' fees and costs;
4. For appropriate injunctive and declaratory relief;
5. For costs of suit herein; and
6. For such further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

Dated: May 23, 2014

RONALD SHEPHARD and MGDI,
By their attorneys,

*/s/ Jeffrey C. Block*
Jeffrey C. Block (*pro hac vice*)
jeff@blockesq.com
Erica G. Sorg (*pro hac vice*)
erica@blockesq.com
BLOCK & LEVITON LLP
155 Federal Street, Suite 1303
Boston, MA 02110
Phone: (617) 398-5600
Fax: (617) 507-6020

MATTHEW K. EDLING (#250940)
medling@cpmlegal.com
JENNIFER R. CRUTCHFIELD (#275343)
jcrutchfield@cpmlegal.com
COTCHETT, PITRE & McCARTHY, LLP
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Fax: (650) 697-0577