1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION**

10

| | |
|---|---|
| RONALD SHEPHARD and HENRY ROMINES, on behalf of themselves and all others similarly situated; | Case No.: 12-CV-03893-JSW |
| Plaintiffs, | **CLASS ACTION** |
| vs. | [~~PROPOSED~~] JUDGMENT |
| LOWE'S HIW, INC., and DOES 1 through 50, | |
| Defendants | |
| LOWE'S HIW, INC., | |
| Third-Party Plaintiff | |
| vs. | |
| MERRILL'S GARAGE DOORS, INC., a California corporation, | |
| Third-Party Defendant. | |

## [PROPOSED] JUDGMENT

WHEREAS, on June 26, 2014, the Court granted preliminary approval to a settlement of this action;

WHEREAS, the Court granted final approval to the settlement on January 9, 2015, finding that the settlement is fair, reasonable and adequate within the meaning of Rule 23(e) of the Federal Rules of Civil Procedure and applicable law; and

WHEREAS, the Court has found that the Notice sent and published to the Settlement Class Members fairly and adequately informed the Settlement Class of the terms of the settlement, was consistent with Rule 23 of the Federal Rules of Civil Procedure and due process, and was given in the manner prescribed by the Settlement Agreement and the Court's order preliminarily approving the settlement:

Pursuant to the Settlement Agreement, as described below and in paragraph 20 of the Settlement Agreement: (1) all Settlement Class Members, except those who have submitted valid Request for Exclusion Forms, are conclusively deemed to have released any and all "Claims Released By The Settlement Class" against the "Released Defendants" as defined below and in the Settlement Agreement; and (2) Defendant is conclusively deemed to have released any and all "Claims Released By Defendant" against the Installation Company Settlement Class Members, as defined below and in the Settlement Agreement. The "Claims Released By The Settlement Class" and "Claims Released By Defendant," as defined below and in the Settlement Agreement, shall be known collectively as the "Released Claims."

(a) Claims Released By The Settlement Class

As of the Effective Date of the settlement (as defined in paragraph 17 of the Settlement Agreement), the members of the Settlement Class, including Plaintiff Ronald Shephard and Merrill's Garage Doors, Inc. ("MGDI"), release Defendant (*i.e.*, Lowe's HIW, Inc., now known as Lowe's Home Centers, LLC) and each of its respective past, present and future owners, stockholders, all present and former parent corporations, related or affiliated companies, subsidiaries, officers,

directors, shareholders, employees, agents, principals, heirs, representatives, accountants, attorneys, auditors, consultants, insurers and re-insurers, and their respective successors and predecessors in interest, each of their company-sponsored employee benefit plans of any nature (including, without limitation, profit-sharing plans, pension plans, 401(k) plans, and severance plans) and all of their respective officers, directors, employees, administrators, fiduciaries, trustees and agents, and any individual or entity which could be jointly liable with Defendant (the "Released Defendants") from the "Claims Released By The Settlement Class" as defined below and in paragraph 19 of the Settlement Agreement.

The "Claims Released By The Settlement Class" are defined as: All claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, whether known or unknown, that were or could have been asserted in the lawsuit, whether in tort, contract, statute, rule, ordinance, order, regulation, or otherwise, under state wage and hour laws (including California Labor Code sections 201-203, 204, 226, 510, 515, 1174, 1174.5, 1194, 2802, 2750.5, and 2698 *et seq.* (PAGA), Business and Professions Code § 17200 and all applicable Industrial Wage Commission Wage Orders, all claims under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.*; ("ERISA"), and for those for Class Members who opt into the Class by submitting a valid Claim Form all claims under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, ("FLSA") to the extent the FLSA claims arise out of facts and/or claims asserted or that could have been asserted in these lawsuits, whether for economic damages, non-economic damages, restitution, penalties, wages, liquidated damages, interest or attorneys' fees arising out of the claims at issue, including: the causes of action asserted in the Complaint relating to the alleged misclassification of installers such as the alleged failure to pay overtime compensation, failure to pay minimum wage, failure to pay vacation, holiday or sick pay, failure to provide insurance of any kind, failure to keep accurate records, failure to provide accurate wage statements, late payment of wages during or upon termination of employment, failure to reimburse expenses, and waiting time penalties, which causes of action include, but are not limited to, allegations that Settlement Class Members were misclassified or not paid all earned wages,

[PROPOSED] JUDGMENT
12-CV-03893-JSW

including "straight time" wages, overtime compensation, meal and rest period premiums, and were not timely paid all wages, and were not paid all wages owing upon termination of employment during the Class Period; and as related to the foregoing, the causes of action for alleged unlawful, unfair and/or fraudulent business practices under California Business and Professions Code section 17200, *et seq.*, and causes of action under PAGA.

(b)      Claims Released By Defendant

Upon the Effective Date of the settlement (as defined in paragraph 17 of the Settlement Agreement), Defendant shall release any claims it has or may have had against the Installation Company Settlement Class Members (as defined in paragraph 2 of the Settlement Agreement) who have not submitted a valid Request for Exclusion Form from the "Claims Released By Defendant" as defined below and in paragraph 19 of the Settlement Agreement.  The "Claims Released By Defendant" are defined as:  all claims for breach of contract and indemnification that Defendant has or may have had against the Installation Company Settlement Class Members based on the allegations in the Lawsuit.

(c)      California Civil Code Section 1542 Waiver

With respect to the Released Claims only (as defined above and in paragraph 19 of the Settlement Agreement), the releasing parties shall be deemed to have, and by operation of this Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law that purports to limit the scope of a general release.

This Court hereby enters judgment in this case, and dismisses it with prejudice, in accordance with the terms of the Settlement Agreement, the Order Granting Preliminary Approval, and the Order Granting Final Approval of Class Action Settlement ("Final Approval Order").  The Court hereby permanently enjoins and restrains all individuals from asserting any and all claims that were released pursuant to the Settlement Agreement and the Final Approval Order.

Having considered the application by Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of expenses, the Court finds that Class Counsel is hereby awarded attorneys' fees in

the amount of $1,625,000 and reimbursement of previously unreimbursed expenses to Class Counsel in the amount of $20,969.13.  The Court approves the payment of $119,863.40 to Rust Consulting, Inc. for the costs of settlement administration. Further, the Court approves the payment of $65,000 as a Private Attorney General Act ("PAGA") allocation, $48,750 of which will be paid to the California Labor and Workforce Development Agency.  The Court also approves a payment to Mr. Shephard in the amount of $5,000 as an Incentive Award for acting as the representative of the Class.  The amounts described in this paragraph shall be paid by the Claims Administrator out of the Maximum Settlement Amount in accordance with Paragraph 17(a) of the Settlement Agreement.

Without affecting the finality of this Judgment in any way, the Court reserves exclusive and continuing jurisdiction over this action, Plaintiff, MGDI, the Settlement Class, and Defendant for the purposes of supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement, and all orders and judgments entered in connection therewith.

**IT IS SO ORDERED.**

Dated: ___January 12___, 2015

_____
Jeffrey S. White
UNITED STATES DISTRICT JUDGE

[PROPOSED] JUDGMENT
12-CV-03893-JSW